UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| ANTHONY MIMMS, M.D., ) <br> MIMMS FUNCTIONAL ) <br> REHABILITATION, P.C., ) <br> ) <br> Plaintiffs, ) <br> ) <br> vs. ) <br> ) <br> CVS PHARMACY, INC., ) <br> ) <br> Defendant. ) | No. 1:15-cv-00970-TWP-MJD |

**REPORT AND RECOMMENDATION ON MOTION TO DISMISS**

This matter comes before the Court on Defendant's *Motion to Dismiss for Failure to State a Claim or, Alternatively, for an Order for a More Definite Statement*. [Dkt. 10.] On September 14, 2015, District Judge Tanya Walton Pratt designated the undersigned Magistrate Judge to issue a report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B). [Dkt. 18.] For the reasons set forth below, the Magistrate Judge recommends Defendant's Motion be **DENIED**.

### I. Background

This action stems from defamatory remarks allegedly made by Defendant CVS Pharmacy, Inc. ("CVS") employees about Plaintiffs Anthony Mimms, M.D. and Mimms Functional Rehabilitation, P.C. ("Mimms"). Mimms, a physician who specializes in physical medicine and rehabilitation, asserts that CVS employees made false allegations such as that he was "under DEA investigation" and "had been or soon would be arrested" to his patients when they attempted to fill their prescriptions at four CVS pharmacies. Mimms further asserts that

1

CVS also refused to fill prescriptions for his patients without legal basis. On May 20, 2015, Mimms filed a Complaint in Marion County Superior Court alleging claims of defamation, tortious interference with a contractual relationship and tortious interference with a business relationship. On June 19, 2015, CVS removed the action to this Court. CVS now seeks dismissal of the claims pursuant to Rule 12(b)(6).

## II.     Legal Standard

To survive a Rule 12(b)(6) challenge, a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief," Fed.R.Civ.P. 8(a)(2), such that it "give[s] the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555 (2007) (internal quotations omitted). When considering such motions, the Court accepts "all well-pleaded factual allegations as true and view[s] them in the light most favorable to the plaintiff." *Lavalais v. Village of Melrose Park,* 734 F.3d 629, 632 (7th Cir. 2013). Although Rule 8 does not require detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009).

The claim must be "plausible on its face." *Twombly,* 550 U.S. 544 at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal,* 556 U.S. at 678. The plaintiff "must do more in the complaint than simply recite the elements of a claim." *Zellner v. Herrick,* 639 F.3d 371, 378 (7th Cir. 2011). Complaints that offer "[t]hreadbare recitals of the elements of the cause of action, supported by mere conclusory statements, do not suffice." *Iqbal,* 556 U.S. at 678.

**III.     Discussion**

   A. *Timeliness*

The Court will first address CVS's argument on reply that the Court should strike Mimms' response brief because it was untimely filed. [Dkt. 15 at 6.]  CVS filed its motion on July 27, 2015.  Mimms filed a response on August 16, 2015 (a Sunday).  As CVS points out, even allowing for an additional three days for service by mail, Mimms' response was due by August 13, 2015 (a Thursday). District courts "must manage a burgeoning caseload, and they are under pressure to do so as efficiently and speedily as they can, while still accomplishing just outcomes in every civil action." *Reales v. Consolidated Rail Corp*., 84 F.3d 993, 996 (7th Cir. 1996). Consequently, the Court has substantial discretion to manage its docket including the discretion to enforce or extend deadlines.  Mimms' response was filed one business day late. While the Court does not endorse Plaintiff's tardiness,  this one-day delay could not have prejudiced CVS. Accordingly, in the interests of justice, the Court will address CVS' Motion to Dismiss on the merits.

   B. *Defamation*

CVS asserts Mimms' defamation claim should be dismissed because he failed to plead it with sufficient specificity to state a claim that is "plausible on its face" as required by *Twombly*. [Dkt. 11 at 9.]  Mimms did not identify when the alleged statements were made, by whom they were made or to whom they were made. CVS further argues that Mimms' conclusory statements regarding the elements of defamation are similarly deficient.

A defamatory communication is defined as one that "'tends so to harm the reputation of another as to lower him in estimation of the community or to deter a third person from associating or dealing with him.'" *Doe v. Methodist Hosp.,* 690 N.E.2d 681, 686 (Ind.1997)

3

(quoting Restatement (Second) of Torts § 559 (1977)). To prevail on a cause of action for defamation, a plaintiff must prove four elements: (1) a communication with defamatory imputation, (2) malice, (3) publication, and (4) damages. *See Newman v. Jewish Cmty. Ctr. Ass'n of Indianapolis, Inc.,* 875 N.E.2d 729, 739 (Ind. Ct. App. 2007). Mimms asserts CVS' alleged defamatory remarks constituted *per se* defamation. A communication is defamatory per se if it imputes: (1) criminal conduct; (2) a loathsome disease; (3) misconduct in a person's trade, profession, office, or occupation; or (4) sexual misconduct. *See Kelley v. Tanoos*, 865 N.E. 2d 593, 597 (Ind. 2007). With per se defamation, damages may be presumed as a natural and probable consequence because the communications are "so obviously and naturally harmful that proof of their injurious character can be dispensed with." *Id*.

Mimms alleges false and defamatory statements were made to his patients by CVS employees while having prescriptions filled. The statements specifically alleged were that Mimms:

- operates a "pill mill";
- is a "murderer";
- is "under DEA investigation"; and
- "had been or would soon be arrested" and the patients "should find another doctor."

[Dkt. 1 at ¶¶ 13-14.]

CVS contends these "excerpts" of statements are insufficient to state a claim for defamation because Mimms did not provide the full statement; nor did Mimms identify when the alleged statements were made, by whom they were made or to whom they were made. CVS is correct that even under the notice pleading standard, the plaintiff must set out the operative facts of the claim, including the alleged defamatory statement, in the complaint. *See Trail v. Boys &*

*Girls Clubs,* 845 N.E.2d 130, 136 (Ind. 2006). "There is sound reason for this policy, as the absence of a statement in the complaint works a detriment on both the court and the defendant. The court is handicapped without the statement since, without it, the court cannot actually determine if the statement is legally defamatory." *Id.* Poorly pleaded complaints also deny the defendant the opportunity to prepare appropriate defenses. While the alleged defamatory statements do not need to be recited verbatim, the complaint must provide the defendant sufficient notice of the statements to allow defendant to develop an appropriate responsive pleading. *See Cowgill v. Whitewater Publishing*, 2008 WL 2266367 (S.D. Ind. May 29, 2008).

Here, the complaint lacks details about when and to whom the statements were made. The substance of the alleged statements clearly imputes to Mimms both criminal conduct and misconduct within Mimms' profession. However, in this case, the precise details of the claim may not be available to plaintiff without the benefit of discovery. *See Cain v. Elgin, Joliet & Eastern Railway*, 2005 WL 1172722 (N.D. Ill. May 3, 2005); *Emery v. Northeast Illinois Reg'l Commuter R.R. Corp.*, 2003 WL 22176077, at *8 (N.D. Ill. Sept. 18, 2003) ("Courts recognize that plaintiffs may not be able to state precisely which defendant made which statement, or to whom, without benefit of discovery." Moreover, as the remarks allegedly were made to patients of Mimms (and, allegedly, pharmacy customers of CVS), he could not identify them in the public pleadings without violating doctor/patient confidentiality. Based upon the excerpts provided, the Court finds CVS is able to discern the substance of the claims sufficiently to form an appropriate response.

CVS also argues Mimms failed to properly plead CVS acted with "actual malice," an element of a defamation action in matters of public or general concern. CVS asserts the Complaint lacks an allegation that the speakers "knew, or suspected, those statements to be

5

false" and therefore should be dismissed. [Dkt. 11 at 12.] The Court disagrees. The Complaint alleges the allegations were "maliciously false" [Dkt. 1 at ¶13] and refers three times to "false communications by CVS employees"  [Dkt. 1 at ¶¶ 17, 18 and 19.] While Mimms may need to show actual malice at summary judgment, he has sufficiently pleaded malice as an element of defamation.

Finally, CVS argues that even if Mimms adequately pleaded defamation, the claim still must fail because the alleged statements are protected by qualified privilege. The existence of a qualified privilege does not change the actionable nature of the words spoken. Rather the privilege "rebuts the element of malice implied by law for the making of a defamatory statement." *Id.* The elements of the defense are: (1) good faith, (2) an interest to be upheld, (3) a statement limited in its scope to this purpose, (4) a proper occasion, and (5) publication in a proper manner to the appropriate parties only. *Cortez v. Jo-Ann Stores, Inc.*, 827 N.E.2d 1223, 1232 (Ind. Ct. App. 2005).

CVS argues the privilege applies here because its pharmacists have a legal duty to relay information concerning their treatment to their customers. However, this argument is premature at the pleading stage. Qualified privilege is an affirmative defense (that CVS has not yet pleaded) that depends on facts of the case that are not yet known to the Court. *See Medical Informatics Engineering, Inc. v. Orthopaedics Northeast, P.C.*, 458 F. Supp. 2d 716, 729 (N.D. Ind. 2006); see also *Jacobs v. City of Chicago,* 215 F.3d 758, 765 n. 3 (7th Cir. 2000) (Because an immunity defense usually depends on the facts of the case, dismissal at the pleading stage is inappropriate: "[T]he plaintiff is not required initially to plead factual allegations that anticipate and overcome a defense of qualified immunity.")  Qualified privilege is more appropriately argued at summary judgment.

Viewing the Complaint in the light most favorable to Mimms, the Court finds the defamation claim to be "plausible on its face" and therefore sufficient to withstand a Rule 12(b)(6) motion to dismiss.

### C. *Tortious Interference With a Contractual Relationship*

CVS next argues that Mimms' tortious interference with a contractual relationship claim should be dismissed. A plaintiff alleging tortious interference with a contractual relationship must establish five elements: (1) the existence of a valid and enforceable contract; (2) the defendant's knowledge of the existence of the contract; (3) the defendant's intentional inducement of the breach of the contract; (4) the absence of justification; and (5) damages resulting from the defendant's wrongful inducement of the breach. *Allison v. Union Hosp., Inc.,* 883 N.E.2d 113, 118 (Ind. Ct. App. 2008).

CVS asserts Mimms failed to sufficiently allege a contract existed between himself and the patients or that such contract was breached by CVS. Specifically, CVS argues that Mimms alleges only that "some" of his patient relationships are contractual in nature without additional details and does not allege any of these patients terminated the contract or articulate damages in any way. The Court's focus at this stage of the litigation is whether the claim satisfies the federal notice pleading standards. Mimms alleges a contractual relationship existed with some of the patients due to the prescription of certain medications [Dkt. 1 at ¶ 10]; that CVS "intentionally induced the breach of such contractual relationship" by making defamatory remarks and/or refusing to fill his patients' prescriptions [*Id*. at ¶¶ 26-27]; and that the inducement of the breach resulted in damages to Mimms. [*Id*. at ¶ 29.] The Court finds these allegations contain more than "[t]hreadbare recitals of the elements," *Ashcroft v. Iqbal,* 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009), and alleges facts sufficient to raise a plausible

tortious interference with a contract claim. *See also Best Flooring, Inc. v. BMO Harris Bank, N.A.*, 2013 WL 164237 (S.D. Ind. Jan. 15, 2013).

### D. *Tortious Interference With a Business Relationship*

CVS seeks dismissal of Mimms' tortious interference with a business relationship claim based upon similar reasons. To prevail on an action for tortious interference with business relationships, a plaintiff must show: (1) the existence of a valid relationship; (2) the defendant's knowledge of it; (3) the defendant's intentional interference with that relationship; (4) the absence of justification; and (5) damages resulting from the defendant's wrongful interference with the relationships. *Sublett v. Larue,* 2013 WL 1296438, at *4 (S.D. Ind. Mar.27, 2013) (citing *Levee v. Beeching,* 729 N.E. 2d 215, 222 (Ind. Ct. App. 2000)).  The cause of action is the same as that for tortious interference with a contract, "except there is no requirement that a valid contract exists." *Furno v. Citizens Insurance Company of America,* 590 N.E.2d 1137, 1140 (Ind. App. 1992).  Tortious interference with a business relationship also "requires some independent illegal action." *Rice v. Hulsey*, 829 N.E.2d 87, 91 *(quoting Brazauskas v. Fort Wayne–South Bend Diocese, Inc.,* 796 N.E.2d 286, 291 (Ind. 2003).

CVS generally asserts the Complaint fails to adequately allege each of these elements. Again, at this stage the Court's concern is whether the claim was adequately articulated to allow CVS to respond. Mimms alleged the existence of a doctor/patient relationship [Dkt. 1 at ¶ 10]; CVS' knowledge of that relationship may be implied based upon the allegations that employees made remarks about Mimms to his patients [*Id*. at ¶ 12.]; CVS' actions were intentional [*Id*. at ¶¶ 33-34.]; CVS was without justification [*Id*. at ¶ 35]; and Mimms suffered damages as a result of

8

CVS' actions. [*Id*. at ¶ 36.] Therefore, the Court finds Mimms has sufficiently stated a claim for tortious interference with a business relationship.[1]

## IV. Conclusion

Based on the foregoing, the allegations in Mimms' Complaint are sufficient to state claims of defamation, tortious interference with a contractual relationship and tortious interference with a business relationship. The Court expects as the parties conduct discovery, any ambiguity in the claims will be clarified. Therefore, the Magistrate Judge recommends that CVS' *Motion to Dismiss or, Alternatively, for an Order for a More Definite Statement* be **DENIED** in its entirety. [Dkt. 10.]

Date:  01 OCT 2015

Mark J. Dinsmore
United States Magistrate Judge
Southern District of Indiana

Distribution:

Jason D. May
jason.may@jasonmaylaw.com

Jonathan W. Garlough
FOLEY & LARDNER LLP
jgarlough@foley.com

---

[1] Mimms cannot maintain a claim for tortious interference with a business relationship simultaneously with a claim for tortious interference with a contractual relationship with regard to the same patient.  *See Murat Temple Ass'n v. Live Nation Worldwide, Inc.*, 953 N.E.2d 1125, 1132 (Ind. Ct. App. 2011). Which claim is applicable to which patient, if any, should be borne out during discovery.