UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| ANTHONY MIMMS, M.D., and MIMMS FUNCTIONAL REHABILITATION, P.C., | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | Case No. 1:15-cv-00970-TWP-MJD |
| CVS PHARMACY, INC., a Rhode Island corporation, | ) ) ) ) | |
| Defendant. | ) ) ) | |
| INDIANA ATTORNEY GENERAL, Medicaid Fraud Control Unit, | ) ) ) | |
| Interested Parties. | ) | |

## ENTRY ON MOTION FOR PARTIAL RECONSIDERATION

This matter is before the Court on a Motion for Reconsideration of Order on Parties' Motions for Summary Judgment ("Motion for Partial Reconsideration") (Filing No. 150), filed pursuant to Federal Rule of Civil Procedure 59(e) by Defendant CVS Pharmacy, Inc. ("CVS"). On May 20, 2015, Plaintiff Anthony Mimms ("Dr. Mimms") filed a Complaint alleging defamation, tortious interference with contractual relationships and tortious interference with business relationships. (Filing No. 1-2 at 7-13.) On January 3, 2017, following cross-motions for summary judgment, the Court granted in part and denied in part CVS's Motion for Summary Judgment, and granted in part and denied in part Dr. Mimms' Motion for Partial Summary Judgment ("Order"). (Filing No. 143.) Thereafter, on January 24, 2017, CVS filed this Motion for Partial Reconsideration, asserting the Court erred in applying incorrect legal standards. (Filing No. 150.) Thereafter, CVS filed a Request for Summary Ruling on its Motion for Partial

Reconsideration of the Court's Order on the Parties' Motions for Summary Judgment ([Filing No. 157](#)), noting that Dr. Mimms did not respond to CVS's Motion. For the following reasons, the Court **grants** CVS's Motion for Summary Ruling and **grants in part and denies in part** CVS's Motion for Partial Reconsideration.

## I. BACKGROUND

The dispute in this matter surrounds Dr. Mimms' claims that CVS employees at numerous Indiana locations uttered false and defamatory statements to his patients, causing him to suffer embarrassment, damage to himself and his practice, and loss of clients from his pain management practice. The facts of this case are set forth in detail in the Entry on Pending Motions ([Filing No. 143](#)) and will therefore only be summarized as needed in this Entry.

On May 20, 2015, Dr. Mimms filed this action against CVS in Marion Superior Court on behalf of himself and Mimms Functional Rehabilitation, P.C. ("MFR"), asserting defamation, tortious interference with contractual relationships, and tortious interference with a business relationship. ([Filing No. 1-2](#).) On June 19, 2015, CVS removed the case to federal court. CVS disputes that its employees made any actionable defamatory statements, and contends that if the employees did make defamatory statements, they are protected by qualified privilege.

Both parties moved for summary judgment and, on January 3, 2017, the Court granted in part and denied in part CVS's Motion for Summary Judgment and granted in part and denied in part Dr. Mimms' Motion for Partial Summary Judgment. ([Filing No. 143](#).) CVS's Motion for Summary Judgment was granted with respect to MFR's defamation claim. *Id.* at 10-11. With respect to Dr. Mimms' defamation claims, the Court specifically concluded, among other things, the statement to David Seeman that "Dr. Mimms' license has been suspended or revoked" was defamatory *per se*. In addition, the Court found that the statements to Jerame Smith, Judith Mason,

Cynthia Miller, and William Miller that "Dr. Mimms is under DEA investigation," the statement to Terry McIntosh that "CVS doesn't fill Dr. Mimms' prescriptions or prescriptions for any other pill mills," the statement to Kim Petro that "CVS no longer fills prescriptions for Dr. Mimms because Dr. Mimms has been to jail," and the statement to Deborah Doyle-Blanton that "Dr. Mimms has been arrested, and if he hasn't been, he soon would be" were defamatory; however, a genuine issue of material fact remained regarding whether any of the defamatory statements were made with actual malice. The Court also denied CVS's qualified privilege claim.

CVS now asks the Court to reconsider its judgment asserting that the Court misapprehended the applicable law relating to malice and qualified privilege. ([Filing No. 150](#).)

## II. **LEGAL STANDARD**

The purpose of a motion to alter or amend judgment under Rule 59(e) is to ask the court to reconsider matters properly encompassed in a decision on the merits. *Osterneck v. Ernst & Whinney*, 489 U.S. 169, 174 (1989). A Rule 59(e) motion will be successful only where the movant clearly establishes: (1) that the court committed a manifest error of law or fact, or (2) that newly discovered evidence precluded entry of judgment. *Cincinnati Life Ins. Co. v. Beyrer*, 722 F.3d 939, 954 (7th Cir. 2013); *United States v. Resnick*, 594 F.3d 562, 568 (7th Cir. 2010). Relief pursuant to a Rule 59(e) motion to alter or amend is an "extraordinary remed[y] reserved for the exceptional case." *Foster v. DeLuca*, 545 F.3d 582, 584 (7th Cir. 2008). In this regard, a manifest error is not demonstrated by merely presenting "the disappointment of the losing party." *Oto v. Metro. Life Ins. Co.*, 224 F.3d 601, 606 (7th Cir. 2000) (a manifest error is "the wholesale disregard, misapplication, or failure to recognize controlling precedent."). Further, a motion to alter or amend a judgment is not an opportunity to "relitigate motions or present arguments, issues, or facts that could and should have been presented earlier." *Brownstone Publ'g, LLC v. AT&T,*

3

*Inc.*, No. 1:07-CV-1630-SEB, 2009 WL 799546, at *3 (S.D. Ind. Mar. 24, 2009). *See also Sigsworth v. City of Aurora, Ill.*, 487 F.3d 506, 512 (7th Cir. 2007).

### III. DISCUSSION

CVS asks the Court to reconsider its Entry, because the Court applied the incorrect legal standard for actual malice and improperly found that Dr. Mimms presented legally sufficient evidence relating to the testimonies of David Seeman, Jerame Smith, Danny Smith and Cynthia Miller and William Miller. CVS also argues that the Court erred in concluding that qualified privilege does not apply to its pharmacy technicians. As an initial matter, the Court notes that Dr. Mimms did not respond to CVS's Motion, accordingly, pursuant to Local Rule 7-1(c)(4), the Court now summarily rules on CVS's pending Motion, and CVS's Request for Summary Ruling ([Filing No. 157](#)) is **granted**.

#### A. Indiana's Actual Malice Standard.

CVS argues persuasively that the Court erred in its application of Indiana's "actual malice" standard. Specifically, CVS asserts that the Court incorrectly concluded:

> [u]nder Indiana law, 'actual malice' means a defendant knew that a defamatory statement was false or was recklessly indifferent to whether it was true or false… 'Reckless indifference' denotes [] knowledge by the defendant that there was a high risk of harm to the plaintiff coupled with a failure to take any feasible measure to counter the risk, either by investigating further to see whether there really is a risk and how serious it is or by desisting from the risky activity.

*Desnick v. Am. Broad. Companies, Inc.*, 233 F.3d 514, 517 (7th Cir. 2000).

CVS notes that the Court's reliance on *Desnick* was a mistake of law because *Desnick* reflects the proper actual malice standard under federal law, rather than Indiana state law. Relying on *Nikish*, CVS asserts that the standard for actual malice under Indiana law differs materially from the federal standard because "mere negligence or failure to investigate is not sufficient to

4

establish malice." *See Nikish Software Corp. v. Manatron, Inc.*, 801 F. Supp. 2d 791, 799 (S.D. Ind. 2011). The Court agrees with CVS.

"Actual malice exists when 'the defendant publishes a defamatory statement with knowledge that it was false or with reckless disregard of whether it was false or not.'" *Id.* (quoting *Poyser v. Peerless*, 775 N.E.2d 1101, 1107 (Ind. Ct. App. 2002)). Under Indiana law, "[t]o demonstrate reckless disregard, there must be sufficient evidence to permit the conclusion that the defendant in fact entertained serious doubts as to the truth of his publication or proof that the false publication was made with a high degree of awareness of their probable falsity." *Journal–Gazette Co., Inc. v. Bandido's Inc.,* 712 N.E.2d 446, 456 (Ind.1999). A critical factor in the actual malice determination is the defendant's state of mind, which "is a subjective fact that may be shown by indirect or circumstantial evidence." *Poyser*, 775 N.E.2d at 1107.

In his Motion for Partial Summary Judgment, Dr. Mimms asserted that CVS acted with malice by continuing to publish false statements about Dr. Mimms' ability to freely practice medicine and falsely stating that Dr. Mimms had been or would be arrested. In response, Dr. Mimms argued that information regarding a suspended license or an arrest are not only available to the public, but CVS has sufficient resources to investigate and determine if the statements were true. Dr. Mimms argued that CVS's actions amounted to "reckless indifference." In addition, Dr. Mimms presented evidence of CVS's protocol stating:

> **Under no circumstances are you to make any disparaging comments about the customer's prescriber**. Examples of disparaging comments include, but are not limited to the following:
>
> - The prescriber is under investigation by the DEA or local police
> - The prescriber is under investigation by CVS
> - The prescriber is operating a pill mill
> - The prescriber is going to lose his or her license
> - The prescriber is going to jail/should go to jail/may go to jail
> - The prescriber is a criminal, about to be arrested, should be arrested, etc….

CVS00011 and CVS00186 (emphasis in original). ([Filing No. 140 at 25-26](#)). In its Entry on Pending Motions, the Court concluded:

> although CVS contends that its employees had great reason to believe the statements, Dr. Mimms presented sufficient evidence to raise a question of fact regarding whether CVS employees acted with actual malice when stating: Dr. Mimms is a "pill mill" and a "pill pusher," "Dr. Mimms' is under investigation by the DEA," and "Dr. Mimms has been…or will be arrested" because CVS's own policy warns against making those "disparaging comments." The Court also finds, and CVS does not dispute, that the statement "Dr. Mimms' license has been suspended or revoked" was made with actual malice.

([Filing No. 143 at 17-18](#).)

CVS argues that the Court erred in its conclusion, regarding only the statements: "Dr. Mimms' license has been suspended or revoked," Dr. Mimms is a "pill pusher," and "Dr. Mimms' is under investigation by the DEA," because there is no evidence of the employees' state of mind. CVS contends that Dr. Mimms needs to show more than a mere failure to investigate and further asserts that an employee's deviation from company policy does not establish that the employees acted with the requisite actual malice when statements were made to David Seeman, Jerame Smith, Danny Smith, and Mr. and Mrs. Miller.

The Court agrees. The Court first notes that Dr. Mimms' defamation claim nor the Court's Entry mention or rely on statements made to Danny Smith. The Court, however, concludes, regarding the statements made to David Seeman, Jerame Smith, and Mr. and Mrs. Miller, that Dr. Mimms has not offered any evidence that the employees had "serious doubts as to the truth" or "held a high degree of awareness" that the statements were false. *See Nikish*, 801 F. Supp. 2d at 799 ("reckless conduct is not measured by whether a reasonable prudent man would have published, or would have investigated before publishing") (citations omitted). Accordingly, because there is no direct, indirect, or circumstantial evidence denoting the employees' state of

6

mind, CVS's Motion for Summary Judgment is **granted** regarding statements made to David Seeman, Jerame Smith, and Mr. and Mrs. Miller. Therefore, Dr. Mimms' Partial Motion for Summary Judgment is **denied** as to these statements.

Because the Court grants CVS's Motion for Summary Judgment on Dr. Mimms' defamation claim regarding the testimonies of David Seeman, Jerame Smith, and Mr. and Mrs. Miller, the Court need not address CVS's alternative claim that the testimonies of these witnesses lack foundation.

**B.**     **Qualified Privilege.**

CVS next argues that the Court erred when concluding that qualified privilege does not apply to CVS's pharmacy technicians, because qualified privilege is not limited to a legal duty based on existing statutes or common law. The Court's Order concluded that qualified privilege does not apply to pharmacy technicians:

> because … Indiana laws regarding licensed pharmacist [sic] and pharmacy technicians are different. Under Indiana law, pharmacy technicians are prohibited from providing certain advice or consultation to patients and from performing any activity required by law to be performed only by a pharmacist. Ind. Code § 25-26-19-8. The case law and statutes that CVS relies on refers only to licensed pharmacists. In addition, the statements at issue were particularly disparaging and went beyond the scope of the purposes for which qualified privilege exists.

([Filing No. 143 at 20](#).) The Court agrees that qualified privilege is not limited to a legal duty and clarifies that its conclusion is tailored to the facts and arguments of this case, and is not meant to suggest that qualified privilege never applies to pharmacy technicians.

The crux of CVS's qualified privilege argument in its Motion for Summary Judgment was that in "Indiana, both statutory and common law mandates that *pharmacists* owe a duty of care to patients and the general public." ([Filing No. 75 at 31](#).) (Emphasis added.) CVS is now attempting to assert that its Motion for Summary Judgment argued that legal, social and moral duties existed

7

to give rise to a qualified privilege for pharmacy technicians. For its proposition, CVS points to the statement, "[a]s both the patient witnesses and CVS pharmacists testified, pharmacy employees share a common interest with its customers regarding the customers' health, treatment, and prescribers." *Id*. at 33. CVS's Motion goes on to state, "[i]n fact, each CVS Pharmacy retail store at issue contains a consultation area, specifically designed for patients to *consult with pharmacists* to get information pertaining to their medical treatment and seek advice." *Id.* (emphasis added). CVS further contended that Dr. Mimms' "patients agreed that they share a patient relationship with their *pharmacists*, and seek advice and counseling in furtherance of their medical treatment." *Id*. (emphasis added). CVS continued discussing pharmacists and their duties to patients, while relying on cases that speak only to pharmacists. *See Lefrock v. Walgreens Co.,* 77 F. Supp. 3d 1199, 1202 (M.D. Fla. 2015) (statements made by Walgreens' pharmacists to customers about a prescribing doctor's medical reputation were privileged); *Kolozsvari v. Doe*, 943 N.E.2d 823, 827 (Ind. Ct. App. 2011) (discussing a pharmacist's duties to patients under statutory law).

Thereafter, in its Reply Brief, CVS relied on Indiana statutes—Ind. Code Ann. § 25-26-19-5 and Ind. Code Ann. § 23-26-19-2—when arguing that qualified privilege "applied equally to pharmacy technicians, who often serve as the initial point of contact for a patient dropping off and/or picking up their prescription." ([Filing No. 114 at 24](#).) This prompted the Court to conclude that pharmacists and pharmacy technicians are different because, despite CVS's contention, under Indiana law, pharmacy technicians are prohibited from providing certain advice or consultation to patients and from performing any activity required by law to be performed only by a pharmacist. *See* Ind. Code § 25-26-19-8. ([Filing No. 143 at 20](#).) Accordingly, because CVS's qualified privilege argument, case law, and statutes focused exclusively on the duties of pharmacists, the Court concluded that qualified privilege does not apply to CVS's pharmacy technicians.

8

The Court clarifies its Order and finds that qualified privilege also does not apply to CVS's pharmacists. The Court agreed with Dr. Mimms' contention that the cases and statutes relied on by CVS have no bearing on the issues before the Court. *See* Ind. Code Ann. § 25-26-13-2 (pharmacists' duties include: "[c]ounseling, advising, and educating patients, patients' caregivers, and health care providers and professionals, as necessary, *as to the contents, therapeutic values, uses, significant problems, risks, and appropriate manner of use of drugs and devices*.") (emphasis added); *Kolozsvari*, 943 N.E.2d at 827 (recognizing that pharmacists, rather than pharmacy employees, owe a duty of reasonable care to customers, but did not determine what that duty entails); *Hooks SuperX, Inc. v. McLaughlin*, 642 N.E.2d 514, 515 (Ind. 1994) (recognizing that pharmacists have a duty to cease refilling a dangerous drug prescription where a customer refills at an unreasonably faster rate than the rate prescribed); *Lefrock*, 77 F. Supp. 3d at 1202 (holding qualified privilege applies to statements made by Walgreens' pharmacists to customers about a prescribing doctor's medical reputation where pharmacists had a state law duty to "give general advice" to its customers while filling prescriptions).

The Court finds that, despite CVS's contention that pharmacists have a legal duty to patients and pharmacy employees share a common interest with its customers, no Indiana statute or case law exist that creates a legal, social or moral duty on pharmacists, or pharmacy technicians for that matter, to "give general advice" to customers regarding their physician's personal reputation or alleged medical reputation. To the contrary, CVS's own policy warns against it. Accordingly, reconsideration of CVS's qualified immunity claim is **denied**.

CVS also takes issue with the Court's assertion that "the statements at issue were particularly disparaging and went beyond the scope of the purposes for which qualified privilege exists." ([Filing No. 143 at 20](#).) CVS contends that the Court erred to the extent that it concluded

9

an abuse of privilege as a matter of law. The Court concludes, because qualified privilege does not apply, CVS's Motion for reconsideration of this issue is **denied**.

## IV. CONCLUSION

For the aforementioned reasons, CVS's Request for Summary Ruling ([Filing No. 157](Filing No. 157)) is **GRANTED**. The Court **GRANTS in part and DENIES in part** CVS's Motion for Partial Reconsideration ([Filing No. 150](Filing No. 150)). The Court vacates its prior order and finds that Dr. Mimms has not proven actual malice regarding the statements made to Cynthia Miller, William Miller, David Seeman, and Jerame Smith. Accordingly, CVS's Motion for Summary Judgment on Dr. Mimms' defamation claim as it relates to Jerame Smith, Mr. Seeman, and Mr. and Mrs. Miller is **GRANTED,** and Dr. Mimms' Motion for summary judgment on these claims is **DENIED**. In addition, the Court clarifies that qualified privilege does not apply to either CVS's pharmacy technicians or pharmacists; accordingly, CVS's Motion for Reconsideration on the issue of qualified privilege is **DENIED**.

The issues remaining for trial are the defamation claim with respect to Terry McIntosh's, Judith Mason's, Kim Petro's and Deborah Doyle-Blanton's respective testimonies that a CVS employee stated: 1) "CVS doesn't fill Dr. Mimms' prescriptions or prescriptions for any other pill mills"; 2) "Dr. Mimms is under DEA investigation"; 3) "Dr. Mimms went to jail"; and 4) "Dr. Mimms has been…or will be arrested" and whether the defamatory statements were made with malice, as well as Dr. Mimms' claims for damages.

**SO ORDERED**.

Date: 2/23/2017

*Tanya Walton Pratt*

TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

DISTRIBUTION:

Jason D. May
jason.may@jasonmaylaw.com

Jonathan W. Garlough
FOLEY & LARDNER LLP
jgarlough@foley.com

Robert H. Griffith
FOLEY & LARDNER LLP
rgriffith@foley.com

Alice McKenzie Morical
HOOVER HULL TURNER LLP
amorical@hooverhullturner.com

Amanda L.B. Mulroony
HOOVER HULL TURNER LLP
amulroony@hooverhullturner.com

Andrew W. Hull
HOOVER HULL TURNER LLP
awhull@hooverhullturner.com

Amanda Elizabeth Fiorini
INDIANA ATTORNEY GENERAL
Amanda.Fiorini@atg.in.gov

Dennis E. Mullen
INDIANA ATTORNEY GENERAL
dennis.mullen@atg.in.gov