UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| ANTHONY MIMMS, M.D., and MIMMS FUNCTIONAL REHABILITATION, P.C., ) ) ) | |
| Plaintiffs, ) ) | |
| v. ) ) | Case No. 1:15-cv-00970-TWP-MJD |
| CVS PHARMACY, INC. a Rhode Island corporation, ) ) ) ) | |
| Defendant. ) _____ ) ) | |
| INDIANA ATTORNEY GENERAL, Medicaid Fraud Control Unit, ) ) ) ) | |
| Interested Parties. ) | |

**ENTRY ON PENDING MOTIONS**

This matter is before the Court on Defendant CVS Pharmacy, Inc.'s ("CVS") Motion for Leave to Take Videotaped Trial Deposition of Clint Thomas ("Thomas") (Filing No. 168), CVS's Motion to Amend Final Witness List (Filing No. 172), and Plaintiff Anthony Mimms' ("Dr. Mimms") Motion to Take Deposition from Kim Petro ("Petro") (Filing No. 195). For the following reasons, the Court **GRANTS** CVS's Motion for Leave to Take Videotaped Trial Deposition, **DENIES as moot** CVS's Motion to Amend Final Witness List, and **GRANTS** Dr. Mimms' Motion to Take Deposition.

**I.    LEGAL STANDARD**

Generally, a deposition may be used against a party if: 1) the party was present or represented at the taking of the deposition, 2) the deposition is used to the extent it would be admissible under the Federal Rules of Evidence if the deponent were present and testifying, and

3) among other reasons, the court finds that the witness is unavailable. Fed. R. Civ. P. 32(a)(1), (4). A witness is unavailable if: 1) the witness died; 2) the witness is more than 100 miles away from the place of trial or is outside the United States; 3) the witness cannot attend or testify because of age, illness, infirmity, or imprisonment; 4) the witness' attendance could not be procured by subpoena; or 5) exceptional circumstances make it desirable to permit the deposition to be used. *Id.*

When a party seeks to schedule a trial deposition after the close of discovery, the court must determine whether the deposition is "actually being taken to preserve trial testimony, or if that is merely an after-the-fact excuse to take a belated discovery deposition." *Estate of Gee ex rel. Beeman v. Bloomington Hosp. & Health Care Sys., Inc.*, No. 1:06-CV-00094-TWP, 2012 WL 729269, at *6 (S.D. Ind. Mar. 6, 2012). The court considers several factors in making this determination, including: 1) the unavailability of the witness for trial, 2) the potential for prejudice to the opposing party, and 3) whether the deposing party knew the information the potential witness would testify to prior to the deposition. *Id.*

## II. BACKGROUND

The dispute in this matter surrounds Dr. Mimms' claims that CVS employees at numerous Indiana locations uttered false and defamatory statements to his patients, causing him to suffer embarrassment, damage to himself and his practice, as well as loss of clients from his pain management practice. Following rulings on the parties' cross motions for summary judgment and CVS's motion for reconsideration, the issues remaining for trial are Dr. Mimms' defamation claim with respect to Terry McIntosh's, Judith Mason's, Kim Petro's and Deborah Doyle-Blanton's respective testimonies that a CVS employee stated: 1) "CVS doesn't fill Dr. Mimms' prescriptions or prescriptions for any other pill mills;" 2) "Dr. Mimms is under DEA investigation;" 3) "Dr.

Mimms went to jail;" and 4) "Dr. Mimms has been…or will be arrested" and whether the defamatory statements were made with malice, as well as Dr. Mimms' claims for damages.

The final pretrial in this matter is scheduled for Wednesday, March 1, 2017, and trial is scheduled for Monday, March 27, 2017. Under the approved Case Management Plan, (Filing No. 16), February 15, 2017 was the parties' deadline to designate witnesses who are expected to testify at trial and exhibits expected to be used at trial.

### III.    DISCUSSION

The motions before the Court are CVS's motion for leave to take a videotaped trial deposition of Thomas, CVS's motion to amend its final witness list to add five witnesses, and Dr. Mimms' motion to take a trial deposition of Petro. The Court will addresses each motion in turn.

**A.    Amend Witness List (Filing No. 172).**

As stated above, CVS seeks to amend its final witness list to include five additional witnesses—Karleen Ritchie, Emily Hughes, Mark Fujihara, Chris Bills and Sam Kelly— in order to address the statement made to David Seeman that "Dr. Mimms' license has been suspended or revoked." CVS contends that each of the five witnesses are current or former employees of CVS Store #6594 and will testify about whether they have said or heard the statement "Dr. Mimms' license has been suspended or revoked."

On reconsideration, the Court granted CVS's Motion for Summary Judgment regarding Seeman and concluded that Dr. Mimms has not proven actual malice regarding the statement made to Seeman. The statement attributed to Seeman is no longer at issue, accordingly, the Court **denies as moot** CVS's Motion to Amend Witness List because testimony of the five proposed new witness is no longer relevant.

**B.     Videotaped Deposition of Clint Thomas (Filing No. 168).**

CVS seeks leave to take a videotaped trial deposition of Thomas, a CVS Pharmacy Manager residing in New Palestine, Indiana, who will testify about CVS's policies and procedures regarding filling prescriptions. CVS recently learned that Thomas will be on vacation in Cabo San Lucas, Mexico, during the time of the trial. CVS relies on *Spangler* and *Estate of Gee* when arguing that the Court should grant it leave to take a videotaped trial deposition of Thomas who cannot physically attend trial because he will be more than 100 miles away at the time of trial. *See Spangler v. Sears, Roebuck & Co.*, 138 F.R.D. 122, 125 (S.D. Ind. 1991) ("[t]his court sees no detriment to either side by permitting the taking of trial depositions. Indeed, in many circumstances a witness' unavailability for trial will not be known until shortly before trial. It would make little sense to force litigants months before trial to face the perilous choice of paying for potentially unnecessary depositions or risking the loss of important trial testimony"); *Estate of Gee*, 2012 WL 729269, at *6 ("[w]hile discovery is closed under the terms of this court's scheduling order, that order does not prevent a party from memorializing a witness' testimony in order to offer it at trial").

In response, Dr. Mimms agrees that it is common practice for this Court to permit trial depositions after the close of discovery to memorialize the testimony of a witness who cannot physically attend trial. *See Spangler*, 138 F.R.D. at 125. Dr. Mimms, however, argues that CVS's reliance on *Spangler* is misplaced, because Thomas' vacation to Cabo, Mexico is not a justifiable excuse or an "exceptional circumstance" for failing to appear for trial. Fed. R. Civ. P. 32(a)(4)(E) (a party may use a witness' deposition, if the court finds "on motion and notice, that *exceptional circumstances* make it desirable—in the interest of justice and with due regard to the importance of live testimony in open court—to permit the deposition to be used"). Dr. Mimms contends that

Thomas is not an "unavailable witness" because he is a New Palestine, Indiana resident and he lives and works well within 100 miles from the place of trial. Dr. Mimms asserts that, as such, Thomas remains in reach of the Court's subpoena powers and may be compelled to appear.

The Court agrees that CVS has not provided sufficient evidence to establish that Thomas is an unavailable witness or that Thomas' vacation to Cabo, Mexico amounts to an exceptional circumstance. As Dr. Mimms persuasively argued, Thomas is an Indiana resident who lives within 100 miles from the place of trial and, as such, Thomas is within the Court's subpoena powers and can be required to attend trial. *See Estate of Gee*, 2012 WL 729269, at *7 (holding a witness was an "unavailable witness, because he *lived* more than 100 miles from the place of trial and therefore beyond the reach of this Court's subpoena powers") (emphasis added); *see also Spangler*, 138 F.R.D. at 125 ("[t]rial depositions can alleviate the need for a court to alter its schedule *to accommodate the extremely busy schedules of physicians and others who are justifiably unable to meet the court's schedule*") (emphasis added). The Court, however, concludes that Dr. Mimms will not suffer any unfair prejudice if CVS deposes Thomas to preserve trial testimony because Dr. Mimms is already aware of Thomas' testimony. Both parties listed Thomas as a fact witness and, on May 10, 2016, Dr. Mimms direct-examined Thomas during a discovery deposition. Additionally, Dr. Mimms is afforded the opportunity to participate in the deposition and cross examine Thomas. *See Estate of Gee*, 2012 WL 729269, at *7 (permitting plaintiff to take a witness' deposition after the discovery deadline and finding no prejudice because defendant had notice that the witness would be called to testify and the defendant was given the opportunity to participate in the deposition). Accordingly, because Dr. Mimms will not suffer any prejudice, CVS's request to conduct a videotaped deposition of Thomas is **GRANTED**.

### C.     Deposition of Kim Petro (Filing No. 195).

Dr. Mimms seeks leave from the Court to take Petro's deposition, and to offer and admit the deposition into evidence during trial. Petro is "expected to testify regarding defamatory statements she heard from CVS employees during a visit to a CVS Pharmacy." (Filing No. 159 at 2). Dr. Mimms also relies on *Spangler* and *Estate of Gee* when arguing that the Court should grant him leave to take a trial deposition of Petro, who cannot physically attend trial because she is extremely ill and cannot leave her home. *See Spangler*, 138 F.R.D. at 125; *Estate of Gee*, 2012 WL 729269, at *6. Fed. R. Civ. P. 32(a)(4)(C) specifically provides that a witness is unavailable if the witness cannot attend or testify because of age, illness, infirmity, or imprisonment. Similar to the Court's conclusion regarding CVS deposing Thomas, the Court finds that CVS will not suffer any prejudice if Dr. Mimms deposes Petro to preserve trial testimony, because both parties listed Petro as a fact witness and conducted a discovery deposition of Petro. CVS is also afforded the opportunity to participate in the deposition and cross examine Petro. *See Estate of Gee*, 2012 WL 729269, at *7. Accordingly, because the witness is unavailable and CVS will not suffer prejudice, Dr. Mimms' request to conduct a deposition of Petro is **GRANTED**. Dr. Mimms may also update his exhibit list to designate Petro's deposition transcript as an exhibit.

### IV.     CONCLUSION

For the aforementioned reasons, the Court **GRANTS** CVS's Motion for Leave to Take Videotaped Trial Deposition (Filing No. 168), **DENIES as moot** CVS's Motion to Amend Final Witness List (Filing No. 172), and **GRANTS** Dr. Mimms' Motion to Take Deposition (Filing No. 195.)

    **SO ORDERED.**
Date: 2/24/2017

                                                  TANYA WALTON PRATT, JUDGE
                                                  United States District Court
                                                  Southern District of Indiana

DISTRIBUTION:

Jason D. May
jason.may@jasonmaylaw.com

Stephanie Michelle Payne
ORZESKE & BLACKWELL PC
spayne@jasonmaylaw.com

Jonathan W. Garlough
FOLEY & LARDNER LLP
jgarlough@foley.com

Robert H. Griffith
FOLEY & LARDNER LLP
rgriffith@foley.com

Alice McKenzie Morical
HOOVER HULL TURNER LLP
amorical@hooverhullturner.com

Amanda L.B. Mulroony
HOOVER HULL TURNER LLP
amulroony@hooverhullturner.com

Andrew W. Hull
HOOVER HULL TURNER LLP
awhull@hooverhullturner.com

Amanda Elizabeth Fiorini
INDIANA ATTORNEY GENERAL
Amanda.Fiorini@atg.in.gov

Dennis E. Mullen
INDIANA ATTORNEY GENERAL
dennis.mullen@atg.in.gov