UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| ANTHONY MIMMS, M.D., MIMMS FUNCTIONAL REHABILITATION, P.C., | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) Case No. 1:15-cv-00970-TWP-MJD ) |
| CVS PHARMACY, INC. a Rhode Island corporation, | ) ) ) |
| Defendant. | ) ) |
| _____ | ) ) |
| INDIANA ATTORNEY GENERAL, Medicaid Fraud Control Unit, | ) ) ) |
| Interested Parties. | ) ) ) |

**ORDER ON PARTIES' MOTIONS IN *LIMINE*** 

This matter is before the Court on the parties' Motions in *Limine*. Plaintiff Anthony Mimms ("Dr. Mimms") seeks to prohibit Defendant CVS Pharmacy, Inc. ("CVS") from introducing into evidence or providing testimony regarding seven topics (Filing No. 158). CVS's Motion in *Limine* seeks to prohibit evidence and testimony regarding fifteen topics (Filing No. 175). For the reasons stated below, the parties' respective motions in *limine* are **granted in part and denied in part.**

### I.     LEGAL STANDARD

"[J]udges have broad discretion in ruling on evidentiary questions during trial or before on motions in *limine*." *Jenkins v. Chrysler Motors Corp.*, 316 F.3d 663, 664 (7th Cir. 2002). The Court excludes evidence on a motion *in limine* only if the evidence clearly is not admissible for any purpose. *See Hawthorne Partners v. AT&T Techs., Inc.*, 831 F. Supp. 1398, 1400 (N.D. Ill.

1993). Unless evidence meets this exacting standard, "evidentiary rulings should be deferred until trial so that questions of foundation, relevancy and potential prejudice may be resolved in proper context." *Id.* at 1400-01. Moreover, denial of a motion *in limine* does not necessarily mean that all evidence contemplated by the motion is admissible; rather, it only means that, at the pretrial stage, the court is unable to determine whether the evidence should be excluded. *Id.* at 1401.

## II.   DISCUSSION

The dispute in this matter surrounds Dr. Mimms' claims that CVS employees at numerous Indiana locations uttered false and defamatory statements to his patients, from late 2013 through 2015, which impute misconduct on the part of Dr. Mimms in his profession as a medical doctor and prescriber of medication. Following rulings on the parties' cross motions for summary judgment and CVS's motion for reconsideration, the issues remaining for trial are Dr. Mimms' defamation claim with respect to Terry McIntosh's, Judith Mason's, Kim Petro's and Deborah Doyle-Blanton's respective testimonies that a CVS employee stated: 1) "CVS doesn't fill Dr. Mimms' prescriptions or prescriptions for any other pill mills"; 2) "Dr. Mimms is under DEA investigation"; 3) "Dr. Mimms went to jail"; and 4) "Dr. Mimms has been…or would…be arrested" and whether the defamatory statements were made with malice, as well as Dr. Mimms' claims for damages. Dr. Mimms and CVS each seek an order in *limine* to prohibit the introduction of certain evidence and testimony during trial. The Court will address the parties' Motions in turn.

**A.   Dr. Mimms' Motion in *Limine* ([Filing No. 158](#)).**

Dr. Mimms moves in *limine* on seven topics. CVS filed a Response on February 22, 2017, opposing each of Dr. Mimms' seven motions ([Filing No. 204](#)).

### 1. Any reference to Dr. Mimms' personal relationships, including alleged instances of marital infidelity.

Dr. Mimms seeks to exclude any testimony or reference regarding his personal relationships including alleged instances of marital infidelity. Dr. Mimms argues that any reference should be excluded pursuant to Indiana Rules of Evidence 401, 402, and 403[1], because it is irrelevant, constitutes improper character evidence, and is unduly prejudicial. In response, CVS contends that Dr. Mimms admitted to having extramarital affairs during his employment at Rehabilitation Associates of Indiana, P.C. ("RAI"). Specifically, CVS contends that Dr. Mimms admitted to an extramarital affair with a nurse at Community Westview Hospital ("Westview") in 2013; thereafter, Westview administrators no longer desired to have Dr. Mimms provide services at their facility. Following discovery of the affair, Dr. Mimms abruptly resigned from RAI without notice to his patients. CVS also asserts that Dr. Mimms was suspended for 30 days in 2001, during his residency at William Beaumont Hospital, for inappropriate behavior with a female employee. In addition, Dr. Mimms admits that he had an extramarital affair with a nurse at Community East Hospital in 2006. CVS argues by suing for defamation, Dr. Mimms has put his character and professional reputation squarely at issue. (Filing No. 204 at 4.) CVS asserts evidence that Dr. Mimms has acted unprofessionally and misbehaved is directly relevant to Dr. Mimms' defamation claim, and his assertions of damages to his reputation. *See Bularz v. Prudential Ins. Co. of Am.*, 93 F.3d 372, 379 (7th Cir. 1996) (reputation evidence was relevant to determine whether plaintiff's reputation was already compromised at the time that defendant allegedly defamed him, and thus to the jury's computation of damages).

---

[1] Throughout his briefing, Dr. Mimms' sites frequently to the Indiana Rules of Evidence. As CVS pointed out, while the Court must apply state law to resolve substantive questions, it must apply federal law to resolve evidentiary issues. (Filing No. 204 at 9-10). Fortunately, the Indiana Rules of Evidence closely model the federal rules, which the Court has applied in this order.

With respect to these instances of extramarital affairs, the Court is not persuaded that they are relevant to the issues at trial. That Dr. Mimms resigned abruptly from RAI without notice to his patients is relevant, but the discovery of Dr. Mimms' affair as the reason for his resignation is not relevant. The Court concludes that any mention regarding Dr. Mimms' personal relationships or marital infidelities is irrelevant and has no bearing on the defamation claim remaining for trial or the issue of damages. At issue is Dr. Mimms' professional reputation for acts such as over-prescribing medication or being under investigation by the DEA; not his reputation as a womanizer or adulterer. In addition, the probative value of the acts, some of which occurred as early as 2001 and 2006, is clearly outweighed by the risk of undue prejudice. Accordingly, the Court **grants** Dr. Mimms' Motion in *Limine* regarding his extramarital affairs.

### 2. Any reference that Dr. Mimms' committed sexual harassment or had inappropriate conversation with patients.

Next, Dr. Mimms seeks to exclude any testimony or reference alleging that he committed sexual harassment or had inappropriate conversations with his patients. Dr. Mimms again argues that reference to this evidence should be excluded pursuant to Indiana Rules of Evidence 401, 402, and 403, because it is irrelevant, constitutes improper character evidence, and is unduly prejudicial.

CVS seeks to offer evidence that RAI filed a complaint with the Indiana Attorney General in October 2013, relaying accounts of inappropriate conduct by Dr. Mimms towards a female patient. CVS contends that this as well as other "inappropriate behavior" resulted in Dr. Mimms' removal from RAI and Dr. Mimms' relationships with other medical entities and their perception of his professionalism is centrally important to Dr. Mimms' claim against them. CVS argues that because Dr. Mimms bases his purported damages on a lowered reputation amongst members of the medical community, evidence that he has acted unprofessionally and has received complaints

or discipline for such actions is directly relevant to Dr. Mimms' defamation claim, and his assertions of damages to his reputation.

The Court concludes that testimony alleging that Dr. Mimms committed sexual harassment or had inappropriate conversations with his patients is irrelevant and has no bearing on the defamation issue remaining for trial in this case. The Court, however, is unable to determine at this stage of the litigation whether evidence of inappropriate sexual conduct with patients might be relevant as it relates to damages. *See Bularz,* 93 F.3d at 378-379 (prior customer complaints, lawsuits, and testimony regarding unethical business practices were admissible and "relevant to determining whether Bularz's reputation was already compromised at the time that Prudential allegedly defamed him, and thus to the jury's computation of damages."). Accordingly, the Court **grants in part and denies in part** this section of Dr. Mimms' Motion in *Limine*.

> 3. **Any reference to criminal proceedings, investigations or charges against any party other than Dr. Mimms.**

Dr. Mimms moves to exclude any reference to criminal proceedings, investigations or charges against any party other than himself pursuant to Indiana Rules of Evidence 401, 402, and 403, because it is irrelevant and serves to confuse or mislead the jury. Specifically, Dr. Mimms seeks to exclude evidence that witness Jerame Smith was convicted of a Class D felony for Theft on August 13, 2009. CVS argues in response, that such evidence is relevant to the credibility of Dr. Mimms' witness and admissible under Federal Rule of Evidence 609, subject to Rule 403's balancing test. Dr. Mimms has not demonstrated that the probative value of Smith's criminal conviction is substantially outweighed by a danger of unfair prejudice, misleading the jury, or any of the other risks identified in Rule 403. For this reason, the Court **denies** Dr. Mimms' Motion in *Limine* as it relates to Mr. Smith.

In addition, CVS seeks to offer into evidence under Federal Rule of Evidence 803(8), criminal records of three of Dr. Mimms' former patients who have been convicted of either dealing or improperly using controlled substances. CVS argues these criminal records are probative to show the statement that Dr. Mimms was "under investigation" or "under DEA investigation" was true or belief could reasonably have been held, and thus was not made with actual malice; provides context to subpoenas the DEA issued to CVS and RAI regarding Mimms and his patients; and is relevant to Mimms' professional reputation. The relevancy of these records appears to be remote, however, at this point in the litigation, it is difficult to determine the relevancy of these criminal records. In addition, there is little context on which to determine the admissibility of such evidence. The Court prefers not to make a determination outside the context of the trial on this issue, because an order in *limine* at this stage could bar potentially permissible evidence from being presented during trial. Accordingly, the Motion in *Limine* on these criminal records is **denied**.

### 4. <u>Any reference to governmental or regulatory investigations relating directly or indirectly to RAI.</u>

Dr. Mimms asks the Court to exclude any testimony or reference to governmental or regulatory investigations relating to RAI. Dr. Mimms argues that any reference should be excluded pursuant to Indiana Rules of Evidence 401, 402, and 403, because it is irrelevant as the RAI investigations occurred outside the time period that the relevant defamatory statements at issue were made and serves to confuse or mislead the jury. In response, CVS presents evidence of several instances where subpoenas were issued investigating RAI and requesting information regarding patients of Dr. Mimms.

The Court agrees with Dr. Mimms that investigations which occurred after the alleged defamatory statement were made are not relevant. In particular, the Court previously ruled that the Health and Human Services letter that CVS received on August 8, 2016 is not relevant regarding

whether CVS defamed Dr. Mimms from late 2013 to 2015 or CVS's defense of truth. (Filing No. 143 at 24.) The Court also found that the subpoenas CVS produced from the DEA and the Indiana Attorney General's Office that are addressed to RAI, well after Dr. Mimms resigned from working at RAI[2], were not relevant. *Id*. In addition, the November 2016 visit by DEA agents and the Indiana State Police is not relevant. To the extent that Dr. Mimms seeks to exclude the above evidence, the Court **grants** this section of Dr. Mimms' Motion in *Limine*.

The Court is unable, at this stage of litigation, to determine the admissibility of evidence relating to investigations of RAI which occurred between December 2012 and November 2014. Therefore, the determination of admissibility will be made by the Court in the context of the trial. Accordingly, this section of Dr. Mimms' Motion in *Limine* is **denied**.

### 5. Any reference to patient complaints or statements made concerning Dr. Mimms prior to or during his employment with RAI.

Dr. Mimms seeks to exclude any testimony or reference to patient complaints or statements made concerning Dr. Mimms, prior to or during his employment at RAI. Dr. Mimms argues that any reference should be excluded pursuant to Indiana Rules of Evidence 401, 402, and 403, because it is irrelevant as it occurred outside the time period that the relevant defamatory statements at issue were made and would confuse or mislead the jury. In response, CVS again contends that patient complaints which resulted in Dr. Mimms' removal from RAI and other medical entities' perception of Dr. Mimms professionalism is centrally important to Dr. Mimms' claim against them. CVS argues that because Dr. Mimms bases his purported damages on a lowered reputation amongst members of the medical community, evidence that Dr. Mimms has acted unprofessionally and has received complaints or discipline for such actions is directly

---

[2] Dr. Mimms resigned on November 5, 2013 and the subpoenas from the DEA and Indiana Attorney General's Office were issued on June 17, 2014 and June 18, 2014, respectively.

relevant to Dr. Mimms' defamation claim, and his assertions of damages to his reputation.  As stated earlier, at this stage of litigation the Court declines to prohibit this evidence without any context regarding the specific patient complaints, when they were made and why they occurred.  Accordingly, the Court **denies** this section of Dr. Mimms' Motion in *Limine*.

> **6.     Any reference to medical information associated with Dr. Mimms' patients prior to or during his employment with RAI.**

Dr. Mimms seeks to exclude any testimony or reference to medical information associated with Dr. Mimms' patients prior to or during his employment with RAI.  Dr. Mimms again argues that any reference should be excluded pursuant to Indiana Rules of Evidence 401, 402, and 403, because it is irrelevant as it occurred outside the time period that the relevant defamatory statements at issue were made and serves to confuse or mislead the jury.  In response, CVS argues that prescription records for Dr. Mimms' former patients at RAI who were identified in the subpoenas issued to RAI and CVS by the DEA and or Indiana Attorney General are admissible to prove that Dr. Mimms was under DEA investigation during the relevant time period.

Although the Court declines at this stage of litigation to completely prohibit evidence referencing medical information associated with Dr. Mimms' patients prior to or during his employment at RAI, the Court notes that it previously ruled subpoenas from the DEA and the Indiana Attorney General's Office that were addressed to RAI, well after Dr. Mimms resigned from working at RAI[3], were of questionable relevance because the subpoenas were issued to RAI and listed more than Dr. Mimms' purported former patients.  *Id.*  To the extent that Dr. Mimms seeks to exclude the above evidence, the Court **grants** this section of Dr. Mimms' Motion in

---

[3] Dr. Mimms resigned on November 5, 2013 and the subpoenas from the DEA and Indiana Attorney General's Office were issued on June 17 and June 18, 2014, respectively.

*Limine*. Accordingly, this section of Dr. Mimms' Motion in *Limine* is **granted in part and denied in part**.

### 7. Any reference to the death of Dr. Mimms' patients or Dr. Mimms' former employers' patients.

Finally, Dr. Mimms moves to exclude any testimony or reference regarding the death of his former patients or RAI's patients. Dr. Mimms argues that any reference should be excluded pursuant to Indiana Rules of Evidence 401, 402, and 403, because it is irrelevant as it occurred outside the time period that the relevant defamatory statements at issue were made and serves to confuse or mislead the jury. In response, CVS argues that four of Dr. Mimms' patients died in 2011 because of controlled substances and they were listed on a DEA subpoena sent to RAI. CVS contends that the death certificates of the four patients is admissible because it proves that Dr. Mimms was under DEA investigation during the relevant time period.

For the same reasons stated above, the Court declines at this stage of litigation to completely prohibit evidence referencing the death of Dr. Mimms' former patients. The Court, however, notes that it previously ruled that the death certificates of two former patients identified on a DEA subpoena to RAI were not relevant regarding whether CVS defamed Dr. Mimms from late 2013 to 2015 or CVS's defense of truth. (Filing No. 143 at 24.) To the extent that Dr. Mimms seeks to exclude evidence of these death certificates, the Court **grants** Dr. Mimms' Motion in *Limine*. With respect to the other two death certificates, a determination will be made at trial. Accordingly, this section of Dr. Mimms' Motion in *Limine* is **granted in part and denied in part**.

### B. CVS's Motion in *Limine* (Filing No. 175).

CVS moves in *limine* regarding fifteen topics. Dr. Mimms filed a Response on February 22, 2017, opposing each of Dr. Mimms' fifteen Motions (Filing No. 192).

1. **Any reference to statements made by unidentified speakers.**

CVS seeks exclusion of any testimony or reference to statements made by unidentified speakers. CVS contends that Cynthia Miller, William Miller, David Seeman, and Jerame Smith failed to identify the speaker who made defamatory statements in their presence, and therefore, any reference to the statements should be excluded. The Court notes that the issues remaining for trial are the defamation claim with respect to Terry McIntosh's, Judith Mason's, Kim Petro's and Deborah Doyle-Blanton's respective testimonies that a CVS employee stated: 1) "CVS doesn't fill Dr. Mimms' prescriptions or prescriptions for any other pill mills"; 2) "Dr. Mimms is under DEA investigation"; 3) "Dr. Mimms went to jail"; and 4) "Dr. Mimms has been…or would…be arrested" and whether the defamatory statements were made with malice, as well as Dr. Mimms' claims for damages. Accordingly, because CVS contends that McIntosh, Mason, Doyle-Blanton and Petro offered sufficient evidence to identify the speaker who made defamatory comments, the Court **denies** this section of CVS's Motion in *Limine*.

2. **Any reference to defamatory statements that are not included in the depositions of Dr. Mimms' witnesses.**

CVS seeks to exclude any testimony or reference to defamatory statements that are not included in the depositions of Dr. Mimms' witnesses. CVS argues that any reference should be excluded because it is unduly prejudicial. CVS states that the Court should, for example, exclude Dr. Mimms' testimony that "countless [patients] have relayed CVS defamatory statements" but he only "recorded" some. In response, Dr. Mimms argues that a motion in *limine* is not the appropriate avenue to dismiss these statements, and contends that during a trial is the appropriate time to challenge statements that are not included in the witnesses' depositions. Dr. Mimms contends that CVS may utilize Federal Rule of Evidence 607 to attack a witness' credibility with regard to what they testified to during deposition versus what they are testifying to under oath, as

well as hearsay objections under Federal Rule of Evidence 801 to the extent that no hearsay exception applies.

While substantially prejudicial evidence will not be allowed during trial, and the parties should not attempt to elicit such testimony, the Court declines at this stage of litigation to prohibit this evidence because CVS has not established that the probative value of such evidence is substantially outweighed by a danger of unfair prejudice. *See* Fed. R. Evid. 403. Accordingly, the Court **denies** this section of CVS's Motion in *Limine*.

### 3. <u>Any reference to an alleged speaker's mental state, unless the testimony derives from the alleged speaker.</u>

CVS also moves to exclude any references or testimony from anyone other than the speakers of the defamatory statements, regarding the speakers' state of mind when making the statements. CVS argues that the Court should exclude any reference pursuant to Federal Rules of Evidence 403 and 701(b), because it amounts to an improper legal conclusion and is unfairly prejudicial. In the alternative, CVS asks the Court to permit it to impute all knowledge and information available as a corporate entity—specifically, DEA visits to CVS stores, statements by pharmacists that Dr. Mimms was under investigation, and testimony by pharmacists and pharmacy technicians regarding their relationships with patients— to the defamatory speakers. In response, Dr. Mimms argues that the Court should not exclude testimony about the speakers' temperament and body language, as observed at the time the statement was made by witnesses to the defamatory statements. Dr. Mimms contends that the evidence is relevant and excluding testimony about the speakers' temperament and conduct at the time would unfairly prejudice his case.

While improper legal conclusions and substantially prejudicial evidence will not be allowed during trial, and the parties should not attempt to elicit such testimony, the Court declines at this stage of litigation to prohibit this evidence because the speakers' state of mind, which "is a

11

subjective fact [] may be shown by indirect or circumstantial evidence." *Poyser v. Peerless*, 775 N.E.2d 1101, 1107 (Ind. Ct. App. 2002). For this reason, the Court **denies** this section of CVS's Motion in *Limine*. The Court also **denies** CVS's alternative request because CVS does not provide any evidentiary basis for imputing such knowledge and the Court previously found, as a matter of law, that qualified privilege does not apply.

### 4. Any reference to CVS's failure to comply with discovery requests in efforts to identify speakers who made defamatory statements.

CVS asks the Court to exclude any testimony or reference to CVS's failure to comply with discovery requests in efforts to identify the defamatory speakers, specifically regarding statements made to Mr. and Mrs. Miller, Seeman, and Smith. CVS argues that any reference should be excluded pursuant to Federal Rules of Evidence 401 and 403, because it is irrelevant and unduly prejudicial. The Court previously found, as a matter of law, statements made to Mr. and Mrs. Miller, Seeman, and Smith did not meet the defamation standard and this evidence is no longer relevant. Accordingly, the Court **grants** this section of CVS's Motion in *Limine*.

### 5. Any reference to hearsay statements made to Dr. Mimms' patients.

CVS seeks to exclude any testimony or reference to hearsay statements made to Dr. Mimms' patients by witnesses who are not called to testify at trial. CVS points to three statements: 1) Mrs. Miller's testimony that another patient of Dr. Mimms' informed her that CVS stated that Dr. Mimms was "being investigated by the DEA"; 2) Mrs. Miller's testimony that "multiple people" sitting in the waiting room at the RAI office "all said they heard…from CVS" that Dr. Mimms "was being investigated by the DEA"; and 3) Doyle-Blanton's testimony that Seeman informed her that a CVS representative stated that Dr. Mimms "had been arrested". CVS argues that any reference should be excluded pursuant to Federal Rules of Evidence 401, 403, and 802, because it is irrelevant, serves to confuse or mislead the jury, and amounts to inadmissible hearsay.

While irrelevant, substantially prejudicial, or hearsay evidence will not be allowed during trial, and the parties should not attempt to elicit such testimony, the Court declines at this stage of litigation to place a blanket prohibition on a broad category of testimony without any context to whether hearsay exception or exemption applies. Accordingly, the Court **denies** this section of CVS's Motion in *Limine*.

### 6. Allow CVS to offer evidence regarding qualified privilege.

CVS seeks leave to offer evidence regarding the qualified privilege defense. CVS contends that the Court should find, or at least allow a jury to determine whether, a common interest privilege applies to all of the statements made by pharmacy technicians and that qualified privilege applies to pharmacists. In response, Dr. Mimms argues based on the Court's previous ruling, any attempts to include evidence of qualified privilege should be denied. The Court agrees with Dr. Mimms. Rule 56 provides a method whereby a court can narrow issues and facts for trial. The Court declines CVS's request to prove qualified privilege or offer evidence regarding qualified privilege, because the Court previously found as a matter of law that qualified privilege does not apply. Accordingly, the Court **denies** this section of CVS's Motion in *Limine*.

### 7. Any reference to punitive damages.

CVS asks the Court to exclude any testimony or reference to punitive damages. CVS argues that Dr. Mimms failed to seek punitive damages as part of his Complaint and testified that he suffered only damages to his reputation. *See 1st Source Bank v. Rea*, 559 N.E.2d 381, 389 (Ind. Ct. App. 1990) (reversing the award of punitive damages in a debt collection case where the defendants, who alleged false representation, were awarded punitive damages but did not seek punitive damages in their counterclaim). CVS also contends that any reference should be excluded

pursuant to Federal Rules of Evidence 401and 403, because it is irrelevant and serves to confuse or mislead the jury.

In response, Dr. Mimms argues that the Court ruled that the statements: 1) "Dr. Mimms' license has been suspended or revoked"; 2) "Dr. Mimms has been arrested, and if he hasn't been, he soon would be, therefore, find a new doctor"; 3) "CVS no longer fills prescriptions for Dr. Mimms because Dr. Mimms has been to jail, and is a bad doctor"; and 4) "Dr. Mimms is under DEA investigation" are defamatory *per se* and amount to communications with defamatory imputation that Dr. Mimms. Dr. Mimms asserts that in an action for defamation *per se* under Indiana law, a plaintiff "is entitled to presumed damages 'as a natural and probable consequence' of the *per se* defamation." *Kelley v. Tanoos*, 865 N.E.2d 593, 596 (Ind. 2007) (citation omitted). Dr. Mimms contends that, as such, a jury may award a substantial sum for his presumed harm.

CVS did not dispute or seek reconsideration of the Court's finding that when viewed in context and given its plain and natural meaning, the statements to Judith Mason, Kim Petro and Deborah Doyle-Blanton that: 1) "Dr. Mimms is under DEA investigation"; 2) "Dr. Mimms has been to jail"; and 3) "Dr. Mimms has been…or would…be arrested" amount to communications with defamatory imputation. The Court concluded that the statements are defamatory *per se* because even without reference to extrinsic evidence, the above statements impute that Dr. Mimms was involved in criminal conduct as well as misconduct in his profession as a physician. (Filing No. 143 at 12-13.) Moreover, in an action for defamation *per se,* a plaintiff "is entitled to presumed damages 'as a natural and probable consequence' of the *per se* defamation," as such, Dr. Mimms is allowed to seek substantial damages. The Court notes that Dr. Mimms did not specifically file a claim for punitive damages in his Complaint and he has not submitted a proposed jury instruction

14

for punitive damages. Accordingly, the Court **grants** the motion with respect to reference of punitive damages, and instead will allow only reference to substantial damages.

### 8. Any reference to CVS's corporate parent, wealth, or "deep pockets".

CVS moves to exclude any testimony or reference to CVS's corporate parent, CVS's wealth, size, or ability to pay a verdict or judgment. *See Adams Labs., Inc. v. Jacobs Eng'g Co.*, 761 F.2d 1218, 1226 (7th Cir. 1985) (holding reference to the comparative size and financial wealth of the parties was improper). "Courts have held that appealing to the sympathy of jurors through references to the relative wealth of the defendants in contrast to the relative poverty of the plaintiffs is improper and may be cause for reversal. If the wealth and size of a corporation are not at issue, counsel is bound to refrain from making reference to such size and wealth, or bear the risk of an unfavorable appellate reception." *Id.* (quoting *Draper v. Airco, Inc.*, 580 F.2d 91 (3d Cir.1978); *Edwards v. Sears, Roebuck & Co.*, 512 F.2d 276 (5th Cir.1975)). CVS argues that any reference should be excluded pursuant to Federal Rules of Evidence 401 and 403, because it is irrelevant to the issues before the Court and is highly prejudicial to CVS. In response, Dr. Mimms argues that it is common knowledge that CVS is a large retailer and CVS's large corporate structure is probative regarding Dr. Mimms' malice claims. Dr. Mimms also argues that he is not limited to "nominal" damages and is entitled to "substantial" damages, and contends that references to the wealth or "deep pockets" of CVS or the comparative wealth between the parties is therefore relevant. *See Glasscock v. Corliss*, 823 N.E.2d 748, 757–58 (Ind. Ct. App. 2005); *Rambo v. Cohen*, 587 N.E.2d at 145-146.

While irrelevant and substantially prejudicial evidence will not be allowed during trial, and the parties should not attempt to elicit such testimony, the Court declines at this stage of litigation to prohibit testimony regarding CVS's corporate parent and wealth without context to the specific

questions being asked at trial. Accordingly, the Court **denies** this section of CVS's Motion in *Limine*.

### 9. <u>Any reference to law enforcement settlements or civil penalties paid by CVS.</u>

CVS also asks the Court to exclude any testimony or reference to CVS paying civil penalties or settling with any federal, state or local law enforcement agency. CVS argues that any reference should be excluded pursuant to Federal Rules of Evidence 401 and 403, because it is irrelevant to the issues before the Court and is unfairly prejudicial to CVS. In response, Dr. Mimms argues that CVS opened the door to testimony regarding investigations by law enforcement agencies when CVS asserted that specific agencies investigated Dr. Mimms. Dr. Mimms also contends that the evidence is relevant to his case because any alleged investigation of Dr. Mimms was a result of investigations and lawsuits against CVS.

While irrelevant and substantially prejudicial evidence will not be allowed during trial, and the parties should not attempt to elicit such testimony, the Court declines at this stage of litigation to place a blanket prohibition on a broad category of testimony without any context regarding the investigations. Accordingly, the Court **denies** this section of CVS's Motion in *Limine*.

### 10. <u>Any reference to the Court's Summary Judgment Order regarding statements made to Seeman.</u>

CVS moves to exclude any testimony or reference to the Court's Summary Judgment Order, specifically regarding statements made to Seeman. CVS argues that any reference should be excluded pursuant to Federal Rules of Evidence 401 and 403, because it is irrelevant to the issues before the Court and is highly prejudicial to CVS. The Court previously found as a matter of law, on reconsideration, that the statements made to Seeman did not meet the defamation standard. Accordingly, the Court **grants** this section of CVS's Motion in *Limine*.

**11.     Any reference to any other cases involving CVS.**

CVS seeks to exclude any testimony or reference to any other cases where CVS is a party. CVS argues that any reference should be excluded pursuant to Federal Rules of Evidence 401 and 403, because it is irrelevant to the issues before the Court and is highly prejudicial to CVS. Dr. Mimms has not responded with any specificity in opposition to the exclusion of this testimony. The Court knows of no circumstance where reference to other cases involving CVS would be relevant to the issues of this trial. Accordingly, the Court **grants** this section of CVS's Motion in *Limine*.

**12.     Any reference to witnesses named on CVS's witness list, but not called at trial.**

CVS moves to exclude any testimony or reference to witnesses named on CVS's witness list, but not called at trial. CVS argues that any reference should be excluded pursuant to Federal Rule of Evidence 403, because it is highly prejudicial to CVS. While substantially prejudicial evidence will not be allowed during trial, and the parties should not attempt to elicit such testimony, the Court declines at this stage of litigation to prohibit testimony or references to witnesses named on CVS's witness list but not called at trial, without context to the specific questions asked at trial. Accordingly, the Court **denies** this section of CVS's Motion in *Limine*.

**13.     Any reference to CVS's participation in or statements made during settlement negotiations.**

CVS also seeks to exclude any testimony or reference to its participation in settlement negotiations and its conduct or statements made during those settlement conferences. CVS argues that any reference should be excluded pursuant to Federal Rules of Evidence 408 and 403, because it is highly prejudicial to CVS. The Court **grants** this section of CVS's Motion in *Limine*, because evidence of compromise offers and negotiations are typically excluded from trial, except for limited circumstances. *See* Fed. R. Evid. 408(d) (The court may admit this evidence for another

purpose, such as proving a witness's bias or prejudice, negating a contention of undue delay, or proving an effort to obstruct a criminal investigation or prosecution). Dr. Mimms has stated no specific opposition or argued that an exception exists regarding exclusion of this evidence. Accordingly, this section of CVS's Motion in L*imine* is **granted.**

### 14. Any reference to CVS's liability insurance.

CVS seeks to exclude any testimony or reference to CVS's liability insurance. CVS argues that any reference should be excluded pursuant to Federal Rule of Evidence. 411. The Court **grants** this section of CVS's Motion in *Limin*e because evidence of liability insurance is typically excluded from trial, with the exception that such evidence may be admissible to prove a witness's bias or prejudice, proving agency, ownership, or control. Dr. Mimms has stated no specific opposition or argued that an exception exists regarding exclusion of this evidence. Accordingly, this section of CVS's Motion in *Limine* is **granted.**

### 15. Any reference to CVS's Motion in *Limine* and the Court's ruling thereon.

CVS lastly seeks to exclude any testimony or reference to CVS's Motion in *Limine* and the Court's ruling thereon, without first obtaining permission from the Court outside the presence of the jury. CVS has presented no evidentiary basis for excluding such evidence. The Court agrees, however, that reference to the motions in *limine* and the Court's rulings is likely irrelevant and witnesses for both parties should not attempt to elicit such testimony. The parties should be prepared to discuss this topic at the final pretrial conference. This section of CVS's Motion in *Limine* is **taken under advisement** and the Court will issue a ruling at the final pretrial conference on March 1, 2017.

### III. CONCLUSION

For the reasons stated above, the parties' respective Motions in *Limine* (Filing No. 158 and Filing No. 175) are **GRANTED in part and DENIED in part**. An order in *limine* is not a final, appealable order. Denial of the motions in *limine* in this Order does not prevent either party from raising an objection at trial. During the course of the trial, if either party believes that evidence being offered is inadmissible or irrelevant, counsel may approach the bench and request a hearing outside the presence of the jury.

**SO ORDERED.**

Date: 2/27/2017

TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

DISTRIBUTION:

Jason D. May
jason.may@jasonmaylaw.com

Jonathan W. Garlough
FOLEY & LARDNER LLP
jgarlough@foley.com

Robert H. Griffith
FOLEY & LARDNER LLP
rgriffith@foley.com

Alice McKenzie Morical
HOOVER HULL TURNER LLP
amorical@hooverhullturner.com

Amanda L.B. Mulroony
HOOVER HULL TURNER LLP
amulroony@hooverhullturner.com

Andrew W. Hull
HOOVER HULL TURNER LLP
awhull@hooverhullturner.com

Amanda Elizabeth Fiorini
INDIANA ATTORNEY GENERAL
amanda.fiorini@atg.in.gov

Dennis E. Mullen
INDIANA ATTORNEY GENERAL
dennis.mullen@atg.in.gov