## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF INDIANA
## INDIANAPOLIS DIVISION

| | |
|---|---|
| ANTHONY  MIMMS, M.D., and MIMMS<br>FUNCTIONAL REHABILITATION, P.C., | ) <br> ) <br> ) |
| Plaintiffs, | ) <br> ) |
| v. | )   Case No. 1:15-cv-00970-TWP-MJD <br> ) |
| CVS PHARMACY, INC. a Rhode Island<br>corporation, | ) <br> ) <br> ) |
| Defendant. | ) <br> ) |
| _____ | ) <br> ) |
| INDIANA ATTORNEY GENERAL,<br>MEDICAID FRAUD CONTROL UNIT, | ) <br> ) <br> ) |
| Interested Parties. | ) <br> ) |

## ORDER ON DEFENDANT'S SECOND MOTION FOR PARTIAL RECONSIDERATION AND PLAINTIFF'S MOTION FOR RECONSIDERATION OF ENTRY ON MOTION FOR PARTIAL RECONSIDERATION

This matter is before the Court on a second Motion for Partial Reconsideration filed by Defendant CVS Pharmacy, Inc. ("CVS") (Filing No. 220), as well as Plaintiff Anthony Mimms' ("Dr. Mimms") Motion for Reconsideration of Entry on Motion for Partial Reconsideration (Dkt. 211) (Filing No. 248.)  Dr. Mimms filed this action against CVS alleging defamation, tortious interference with contractual relationships, and tortious interference with business relationships. (Filing No. 1-2 at 7-13.)  On January 3, 2017, following cross-motions for summary judgment, the Court granted in part and denied in part each of the parties' motions. (Filing No. 143.)  On January 24, 2017, CVS filed a Motion for Partial Reconsideration, which the Court granted in part and denied in part (Filing No. 211) (the "Order").  CVS now asks the Court to reconsider its Order, asserting the Court made a mistake of fact when it reconsidered CVS's motion with respect to only

some of Dr. Mimms' witnesses. Thereafter, Dr. Mimms filed a motion asking the Court to reconsider that same Order. For reasons stated below, the Court **DENIES** both parties' motions for reconsideration.

## I.   BACKGROUND

The dispute in this matter surrounds Dr. Mimms' claims that CVS employees at numerous Indiana locations uttered false and defamatory statements to his patients, causing him to suffer embarrassment, damage to himself and his practice, and loss of clients from his pain management practice. The facts of this case are set forth in detail in the Entry on Pending Motions (Filing No. 143) and will therefore only be summarized as needed in this order.

Following cross motions for summary judgment, the Court ruled as follows. CVS's motion for summary judgment was granted with respect to Mimms Functional Rehabilitation's defamation claim. (Filing No. 143 at 10-11.) With respect to Dr. Mimms' defamation claims, the Court specifically concluded, among other things, that the statement to David Seeman that "Dr. Mimms' license has been suspended or revoked" was defamatory *per se* and actual malice existed. In addition, the Court found that the statements to Jerame Smith, Judith Mason, Cynthia and William Miller that "Dr. Mimms is under DEA investigation," the statement to Terry McIntosh that "CVS doesn't fill Dr. Mimms' prescriptions or prescriptions for any other pill mills," the statement to Kim Petro that "CVS no longer fills prescriptions for Dr. Mimms because Dr. Mimms has been to jail," and the statement to Deborah Doyle-Blanton that "Dr. Mimms has been arrested, and if he hasn't been, he soon would be" were defamatory; however, a genuine issue of material fact remained regarding whether any of the defamatory statements were made with actual malice. The Court also denied CVS's qualified privilege claim.

CVS then asked the Court to reconsider its Summary Judgment Entry asserting that the Court misapprehended the applicable law relating to actual malice and qualified privilege. (Filing No. 150.) Dr. Mimms did not file a response and the Court granted in part and denied in part CVS's motion for partial reconsideration. (Filing No. 211.) The Court vacated its Summary Judgment Entry with respect to its finding that Dr. Mimms had not proven actual malice regarding the statements made to Cynthia Miller, William Miller, David Seeman, and Jerame Smith. The Court, however, denied CVS's qualified privilege claim. *Id*. The Court held that the issues remaining for trial were the defamation claim with respect to Terry McIntosh's, Judith Mason's, Kim Petro's and Deborah Doyle-Blanton's respective testimonies that a CVS employee stated: 1) "CVS doesn't fill Dr. Mimms' prescriptions or prescriptions for any other pill mills"; 2) "Dr. Mimms is under DEA investigation"; 3) "Dr. Mimms went to jail"; and 4) "Dr. Mimms has been…or will be arrested" and whether the defamatory statements were made with malice, as well as Dr. Mimms' claims for damages. *Id*. at 10.

CVS now asks the Court to reconsider its Order, contending the Court made a mistake of fact when it incorrectly stated that CVS sought reconsideration regarding only the statements to David Seeman, Jerame Smith, Danny Smith, Cynthia Miller and William Miller when, in fact, CVS sought reconsideration regarding the statements to all of Dr. Mimms' witnesses. (Filing No. 220.) And, Dr. Mimms asks the Court to reconsider it Order, asserting that he presented sufficient evidence to establish that CVS acted with actual malice. (Filing No. 248.)

## II.   LEGAL STANDARD

The purpose of a motion to alter or amend judgment under Rule 59(e) is to ask the Court to reconsider matters properly encompassed in a decision on the merits. *Osterneck v. Ernst & Whinney*, 489 U.S. 169, 174 (1989). A Rule 59(e) motion will be successful only where the movant

clearly establishes: (1) that the court committed a manifest error of law or fact, or (2) that newly discovered evidence precluded entry of judgment. *Cincinnati Life Ins. Co. v. Beyrer*, 722 F.3d 939, 954 (7th Cir. 2013); *United States v. Resnick*, 594 F.3d 562, 568 (7th Cir. 2010). Relief pursuant to a Rule 59(e) motion to alter or amend is an "extraordinary remed[y] reserved for the exceptional case." *Foster v. DeLuca*, 545 F.3d 582, 584 (7th Cir. 2008). In this regard, a manifest error is not demonstrated by merely presenting "the disappointment of the losing party." *Oto v. Metro. Life Ins. Co.*, 224 F.3d 601, 606 (7th Cir. 2000) (a manifest error is "the wholesale disregard, misapplication, or failure to recognize controlling precedent."). Further, a motion to alter or amend a judgment is not an opportunity to "relitigate motions or present arguments, issues, or facts that could and should have been presented earlier." *Brownstone Publ'g, LLC v. AT&T, Inc.*, No. 1:07-CV-1630-SEB, 2009 WL 799546, at *3 (S.D. Ind. Mar. 24, 2009). *See also Sigsworth v. City of Aurora, Ill.*, 487 F.3d 506, 512 (7th Cir. 2007).

### III.    DISCUSSION

CVS asks the Court to reconsider its Order, contending the Court made a mistake of fact when incorrectly stating that CVS sought reconsideration of the Court's "actual malice" application regarding only the statements to David Seeman, Jerame Smith, Danny Smith, Cynthia Miller and William Miller. CVS argues that it, in fact, sought reconsideration regarding statements to all of Dr. Mimms' witnesses. In response, Dr. Mimms asks that the Court to deny CVS's request, moves the Court to partially reconsider and, further, requests that the Court reinstate its original summary judgment findings.

### A.    Dr. Mimms' Motion to Reinstate Summary Judgment Entry

As an initial matter, in his belated motion for partial reconsideration (Filing No. 248), and in his response (Filing No. 227), Dr. Mimms contends that he presented sufficient evidence to

establish that CVS acted with actual malice. He asserts that he designated evidence of CVS's repeated failures to investigate prior to making defamatory statements, as well as depositions and emails. Dr. Mimms argues the Court should reinstate its finding that: the statement to David Seeman that "Dr. Mimms' license has been suspended or revoked" was defamatory *per se* and made with actual malice, the statements to Jerame Smith, Judith Mason, Cynthia and William Miller that "Dr. Mimms is under DEA investigation", the statement to Terry McIntosh that "CVS doesn't fill Dr. Mimms' prescriptions or prescriptions for any other pill mills", the statement to Kim Petro that "CVS no longer fills prescriptions for Dr. Mimms because Dr. Mimms has been to jail", and the statement to Deborah Doyle-Blanton that "Dr. Mimms has been arrested, and if he hasn't been, he soon would be" were defamatory, however, a genuine issue of material fact remains regarding whether any of the defamatory statements were made with actual malice.

CVS argues the Court should disregard Dr. Mimms' attempt to seek reconsideration of the Order because Dr. Mimms did not respond to CVS's initial Motion for Reconsideration, nor did he file a motion to reconsider. CVS is correct that Dr. Mimms' failure to respond to the initial motion for reconsideration and his belated motion to reconsider are cause to disregard his arguments. However, the Court declines to do so and will examine Dr. Mimms' motion on its merits.

At the summary judgment stage, "[a] party who bears the burden of proof on a particular issue may not rest on its pleadings, but must affirmatively demonstrate, by specific factual allegations, that there is a genuine issue of material fact that requires trial." *Hemsworth v. Quotesmith.com, Inc.*, 476 F.3d 487, 489–90 (7th Cir. 2007) (citation omitted). Dr. Mimms bore the burden of establishing actual malice and, although he provided a list of evidence, he failed to assert specific allegations tying that evidence to actual malice. With respect to the witnesses under

reconsideration, Dr. Mimms only alleged that actual malice exists because the statements made to the witnesses were not true and CVS failed to investigate. However, "mere negligence or failure to investigate is not sufficient to establish malice." *See Nikish Software Corp. v. Manatron, Inc.*, 801 F. Supp. 2d 791, 799 (S.D. Ind. 2011).  In addition, Dr. Mimms rehashes old arguments and attempts to relitigate motions, issues, or facts that could and should have been presented earlier. Accordingly, Dr. Mimms' motion for partial reconsideration is **denied**.

**B.**     **Actual Malice Standard**

Regarding CVS's second request for partial reconsideration, the Court agrees that it made a mistake of fact and, accordingly, the Court will reconsider its Order and apply the actual malice standard to the statements made to Deborah Doyle-Blanton, Terry McIntosh, Kim Petro, and Judith Mason.

"Actual malice exists when 'the defendant publishes a defamatory statement with knowledge that it was false or with reckless disregard of whether it was false or not.'" *Nikish*, 801 F. Supp. 2d at 799 (quoting *Poyser v. Peerless*, 775 N.E.2d 1101, 1107 (Ind. Ct. App. 2002)). Under Indiana law, "[t]o demonstrate reckless disregard, there must be sufficient evidence to permit the conclusion that the defendant in fact entertained serious doubts as to the truth of his publication or proof that the false publication was made with a high degree of awareness of their probable falsity." *Journal–Gazette Co., Inc. v. Bandido's Inc.,* 712 N.E.2d 446, 456 (Ind.1999). A critical factor in the actual malice determination is the defendant's state of mind, which "is a subjective fact that may be shown by indirect or circumstantial evidence." *Poyser*, 775 N.E.2d at 1107.

CVS argues, with the exception of the statement made to Mason that "Dr. Mimms was under investigation with the DEA," there is a complete absence of any direct or indirect evidence

regarding the state of mind of the speakers who made statements to Blanton, McIntosh, and Petro that: 1) "Dr. Mimms has been…or will be arrested"; 2) "CVS doesn't fill Dr. Mimms' prescriptions or prescriptions for any other pill mills"; and 3) "Dr. Mimms went to jail."

**C.**      **Statements to Deborah Doyle-Blanton, Terry McIntosh and Kim Petro**

CVS contends that Dr. Mimms' actual malice evidence and arguments regarding statements to Blanton, McIntosh and Petro were all premised on the theory that CVS should have investigated prior to making the statements.  CVS asserts that this argument fails because "mere negligence or failure to investigate is not sufficient to establish malice."  *See Nikish*, 801 F. Supp. 2d at 799.

In response, Dr. Mimms contends that actual malice exists because, on March 21, 2014, he participated in a telephone interview with CVS, by way of Joseph Grimes and Nicole Harrington. After the interview, CVS noted that Dr. Mimms resolved its concerns and was cleared to continue prescribing controlled substances. CVS also stated it felt "comfortable with [Dr. Mimms'] credentials and background for working in pain management and [CVS is] comfortable with the policies and procedures in place..." (Filing No. 227 at 8 n.3).  Thereafter, Dr. Mimms complained that CVS employees continued making defamatory statements, prompting Grimes to email Alex Zweig, a CVS Supervisor, to reinforce appropriate communications when refusing to fill prescriptions.  CVS's store policy states:

> *Important - Under no circumstances* are you to make any disparaging comments about the customer's prescriber.  Examples of disparaging comments include, but are not limited to the following:
>
> - The prescriber is under investigation by the DEA or local police
> - The prescriber is under investigation by CVS
> - The prescriber is operating a pill mill
> - The prescriber is going to lose his or her license
> - The prescriber is going to jail/should go to jail/may go to jail
> - The prescriber is a criminal, about to be arrested, should be arrested, etc….

CVS00011 and CVS00186 (emphasis in original) (Filing No. 140 at 22).

Dr. Mimms argues, because CVS researched, interviewed and cleared him to continue prescribing controlled substances, CVS knew since March 2014 that Dr. Mimms had never been arrested, he was not under DEA investigation, and he did not operate a pill mill. Dr. Mimms contends, as such, CVS acted with actual malice because CVS had knowledge that the statements were false. Additionally, Dr. Mimms argues that CVS acted with reckless disregard because any subsequent defamatory statement was made with a high degree of awareness of its probable falsity.

In reply, CVS asserts that the Court should not impute knowledge possessed by CVS's corporate officers to CVS's employees. CVS relies on *Woods* and *Conn* when contending that the knowledge possessed by CVS's corporate officers is irrelevant because it does not speak to the state of mind of the speaker. *See Woods v. Evansville Press Co.*, 791 F.2d 480, 487-89 (7th Cir. 1986) (affirming summary judgment to defendant where the record demonstrated that defendant's employee accurately reported a source's comments and there were no "obvious reasons [for the employee] to doubt the veracity of [his source] or the accuracy of his reports") (citations omitted); *Conn v. Paul Harris Stores, Inc.*, 439 N.E.2d 195, 200 (Ind. Ct. App. 1982) (affirming summary judgment to defendant where plaintiff failed to present evidence to support a finding that defendant's qualified "privilege was abused by excessive publication, that the occasion was used for an improper purpose, or that [the employee] had no belief or grounds for belief in the truth of what she said"). CVS also argues that the Court should not impute the knowledge possessed by its corporate officers to its employees because Dr. Mimms failed to raise this argument in his summary judgment briefing.

The Court concludes that Dr. Mimms presented sufficient evidence to raise a question of fact regarding whether CVS employees acted with actual malice when stating: Dr. Mimms is a

"pill mill," "Dr. Mimms went to jail," and "Dr. Mimms has been…or will be arrested," because the statements were made after CVS investigated Dr. Mimms and cleared Dr. Mimms to continue prescribing controlled substances.  The Court also finds that CVS's reliance on *Woods* and *Conn* is misplaced because neither case speaks to the issue of imputing a corporation's knowledge to its employees.  *See Woods*, 791 F.2d 480; *Conn*, 439 N.E.2d 195.  Additionally, the Court declines to reject Dr. Mimms' corporate imputation argument because there is no dispute that CVS waited until the night prior to Dr. Mimms' dispositive motion deadline to produce documents relating to the interview, despite Dr. Mimms' request for production.   Accordingly, CVS's Motion for Summary Judgment is **denied** regarding the statements made to McIntosh, Petro, and Blanton.

**D.**    **Statements to Judith Mason**

CVS also argues that Alexis Fields did not act with actual malice when telling Mason that "Dr. Mimms was under investigation with the DEA".  CVS contends that another CVS employee informed Fields that Dr. Mimms was under DEA investigation and Fields made the statement in an effort to comfort Mason after Mason stated to Fields that Dr. Mimms' office closed without notice.  CVS also argues that there is no designated evidence establishing that Fields knew the statement was false or entertained serious doubts as to the truth of the statement.  *See Journal–Gazette Co.*, 712 N.E.2d at 456.

In response, Dr. Mimms again argues that the Court should impute CVS's corporate knowledge to Fields.  Dr. Mimms also asserts that Fields acted with actual malice, because when questioned about her reasons for stating "Dr. Mimms was under investigation with the DEA," Fields replied:

> Well when [Mason] came in for her prescription, she was upset…because she went…to where [Dr. Mimms'] office used to be, and she told me [Dr. Mimms] just closed up.  She said she didn't have a notice, and she went to every pharmacy down there, and nobody would fill for him.  And I said, well—I just said, *maybe* because he is under investigation from the information that she gave me…

(Filing No. 77-1 at 6) (emphasis added).  After being asked why she correlated Dr. Mimms' office

closing to Dr. Mimms being under investigation, Fields responded: "…I was throwing out there

*maybe* [Dr. Mimms' being under investigation] could be it, *maybe not*… I told [Mason]

*probably*… that he probably, probably because he was under investigation. *I told her I don't*

*know*." *Id*. at 9 (emphasis added).  Dr. Mimms argues that Fields' testimony shows that Fields

was purely guessing that Dr. Mimms was under DEA investigation and, as such, she entertained

serious doubts as to the truth of the statement.

       In reply, CVS argues that Fields did not express uncertainty regarding whether Dr. Mimms

was under DEA investigation because Fields confirmed that an employee informed her that Dr.

Mimms was under DEA investigation.  CVS contends that Fields' statement "probably because he

was under investigation" relates only to uncertainty regarding whether Dr. Mimms' office closed

because he was under investigation.  CVS also asserts, even if the Court accepts Dr. Mimms'

characterization of the evidence, Fields' statement is not defamatory because it amounts to a

tentative suggestion.  "For a statement to be actionable, it must be clear that it contains objectively

verifiable fact regarding the plaintiff.... If the speaker is merely expressing his subjective view,

interpretation, or theory, then the statement is not actionable."  *Meyer v. Beta Tau House Corp.*,

31 N.E.3d 501, 515 (Ind. Ct. App. 2015) (citations omitted).

       As previously stated, the Court concludes that Dr. Mimms presented sufficient evidence to

raise a question of fact regarding whether Fields acted with actual malice because Fields made the

statement after CVS investigated and cleared Dr. Mimms.  Additionally, when viewing the facts

in a light most favorable to Dr. Mimms, and despite CVS's contention that Fields' statement is

merely an unverifiable opinion, the Court finds that Dr. Mimms established a question of fact

regarding whether Fields entertained serious doubts as to the truth of her statement.  The Court

also notes that CVS's "tentative suggestion" argument is without merit because the Court previously found, and CVS did not dispute or seek reconsideration, that when viewed in context and given its plain and natural meaning, the statement to Mason that "Dr. Mimms is under DEA investigation" is defamatory *per se* because even without reference to extrinsic evidence the statement imputes that Dr. Mimms was involved in criminal conduct as well as misconduct in his profession as a physician (Filing No. 143 at 12-13); *see also Meyer*, 31 N.E.3d at 515 (holding, where a statement was susceptible to both defamatory and non-defamatory meanings, a reasonable finder of fact could conclude that a defendant's statements about a plaintiff went beyond mere statements of opinion). Accordingly, CVS's Motion for Summary Judgment is **denied** regarding the statement made to Mason.

## IV.    CONCLUSION

For the aforementioned reasons, CVS's second Motion for Partial Reconsideration (Filing No 220) is **DENIED**. In addition, Dr. Mimms' Motion for Reconsideration of Entry on Motion for Partial Reconsideration (Dkt. 211), (Filing No. 248), is **DENIED**. The issues remaining for trial are the defamation claim with respect to Terry McIntosh's, Judith Mason's, Kim Petro's and Deborah Doyle-Blanton's respective testimonies that a CVS employee stated: 1) "CVS doesn't fill Dr. Mimms' prescriptions or prescriptions for any other pill mills;" 2) "Dr. Mimms is under DEA investigation;" 3) "Dr. Mimms went to jail;" and 4) "Dr. Mimms has been…or will be arrested" and whether the defamatory statements were made with malice, as well as Dr. Mimms' claims for damages.

**SO ORDERED**.

Date: 3/15/2017

TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

DISTRIBUTION:

Jason D. May
jason.may@jasonmaylaw.com

Stephanie Michelle Payne
ORZESKE & BLACKWELL, P.C
spayne@jasonmaylaw.com

Jonathan W. Garlough
FOLEY & LARDNER LLP
jgarlough@foley.com

Robert H. Griffith
FOLEY & LARDNER LLP
rgriffith@foley.com

Alice McKenzie Morical
HOOVER HULL TURNER LLP
amorical@hooverhullturner.com

Amanda L.B. Mulroony
HOOVER HULL TURNER LLP
amulroony@hooverhullturner.com

Andrew W. Hull
HOOVER HULL TURNER LLP
awhull@hooverhullturner.com

Amanda Elizabeth Fiorini
INDIANA ATTORNEY GENERAL'S OFFICE
Amanda.Fiorini@atg.in.gov

Dennis E. Mullen
INDIANA ATTORNEY GENERAL'S OFFICE
dennis.mullen@atg.in.gov