UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| ANTHONY MIMMS, M.D., and MIMMS FUNCTIONAL REHABILITATION, P.C., | )<br>)<br>) |
| Plaintiffs, | )<br>) |
| v. | ) Case No. 1:15-cv-00970-TWP-MJD<br>) |
| CVS PHARMACY, INC. a Rhode Island corporation, | )<br>)<br>) |
| Defendant. | )<br>) |
| _____ | )<br>) |
| INDIANA ATTORNEY GENERAL, and MEDICAID FRAUD CONTROL UNIT, | )<br>)<br>) |
| Interested Parties. | )<br>) |

**ENTRY ON DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AS TO THE STATEMENTS ALLEGED BY PLAINITIFF'S WITNESS BETSY WINTERS**

This matter is before the Court on Defendant CVS Pharmacy Inc.'s ("CVS") Motion for Summary Judgment as to the Statements Alleged by Plaintiff's Witness Betsy Winters ("Winters"). (Filing No. 240.) CVS seeks summary judgment regarding Plaintiff Dr. Mimms' ("Dr. Mimms") claim for defamation as to any statement alleged by Winters. CVS asserts that Dr. Mimms failed to offer evidence in his Complaint or summary judgment pleadings with respect to the statement made to Winters and that the alleged statement is not defamatory. For the reasons stated below, the Court **GRANTS** CVS's Motion for Summary Judgment.

I. **BACKGROUND**

The facts of this case are set forth in detail in the Entry on Pending Motions (Filing No. 143) and other entries, and therefore will be added as needed in this Entry. As with any summary

judgment motion, the facts are reviewed in the light most favorable to Dr. Mimms, the nonmoving party, and the Court draws all reasonable inferences in Dr. Mimms' favor. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986); *Zerante v. DeLuca*, 555 F.3d 582, 584 (7th Cir. 2009).

The dispute in this matter surrounds Dr. Mimms claim that CVS employees at numerous Indiana locations uttered false and defamatory statements to his patients, causing him to suffer embarrassment, damage to himself and his practice, and loss of clients from his pain management practice. This action is scheduled for trial by jury beginning March 27, 2017. Following cross motions for summary judgment, and motions for reconsideration, the issues remaining for trial are Dr. Mimms' defamation claim with respect to Terry McIntosh's, Judith Mason's, Kim Petro's and Deborah Doyle-Blanton's respective testimonies that a CVS employee stated: 1) "CVS doesn't fill Dr. Mimms' prescriptions or prescriptions for any other pill mills"; 2) "Dr. Mimms is under DEA investigation"; 3) "Dr. Mimms went to jail"; and 4) "Dr. Mimms has been…or soon would be arrested" and whether the defamatory statements were made with malice, as well as Dr. Mimms' claims for damages.

A final pretrial conference was held on March 1, 2017. During the conference, Dr. Mimms stated that he intends to call Winters as a witness to solicit testimony regarding a statement made to her by a CVS employee. CVS objected, arguing Dr. Mimms failed to make Winters available for deposition during discovery. In the alternative, CVS requested permission to conduct a late discovery deposition of Winters in advance of trial. Because Winters was ill during the time the parties conducted discovery depositions and only recently became available, the Court granted CVS's alternative request and permitted CVS to file a late dispositive motion regarding Winters.

CVS deposed Winters on March 7, 2017. Winters is a resident of Richmond, Indiana and a former patient of Dr. Mimms. Winters believed that Benjamin Railsback ("Railsback") was the

2

head pharmacist for CVS in Richmond Indiana, however in fact, he is the pharmacy manager for Pharmacy Store Number 6647. Winters has known Railsback for many years and had gone to his pharmacy often for her medication. In addition, Railsback had been familiar with Dr. Mimms prior to Winters encounter, in his capacity as a floater for CVS. In June 2014, Winters visited CVS store Number 6647 to fill a prescription written by Dr. Mimms. (Filing No. 242-1 at 11-12). However, Railsback informed Winters that a memo prevented CVS stores in Indiana from filling prescriptions written by Dr. Mimms due to "something about a license issue." Winters describes the encounter as follows:

> Q. And at this CVS visit following your appointment with Dr. Mimms, you've said that Ben said to you that he could not fill the prescription?
>
> A. Yes.
>
> Q. Are those the words that he used?
>
> A. Yes. He said that he couldn't fill the prescription, don't shoot the messenger. Because I started to get upset. He said, don't shoot the messenger. It was in a memo that the state — the CVS in Indiana could not fill Dr. Mimms' prescriptions. And he said nowhere in the state of Indiana could fill it. I then went -- I called Dr. Mimms' office to see what to do. And I took it to Phillips Drugs, which is — the Phillips Drugs that I took it to is on South 7th and Promenade. They had no issue taking it. They filled it for me. And to this day, they still fill my pain medicine. I -- I still have my other prescriptions at CVS, but my pain medicine still goes through Phillips.
> …..
>
> Q. Okay. Is there anything that you recall the CVS pharmacist saying to you in this conversation that you've just described?
>
> A. He mentioned something about Dr. Mimms' license. And I said, I know he's still practicing, I just came from his office. And that's when he said there was something in the memo saying that they couldn't fill Dr. Mimms' prescriptions.

(Filing No. 253-1 at 6-7.)

CVS now moves for summary judgment as to Winters' testimony, asserting Dr. Mimms did not offer evidence regarding any statements to Winters in his Complaint or briefing on the

3

parties' cross-motions for summary judgment. ([Filing No. 240](#).) CVS also argues the statement to Winters does not constitute defamation *per se* or defamation *per quod*. *Id*. Dr. Mimms does not dispute that the Complaint makes no mention of Winters or her alleged statement or that Winters statement was not included in any prior summary judgment briefing. He asks the Court to deny CVS's request for summary judgment, contending a material issue of fact remains.

## II.   LEGAL ANALYSIS

The purpose of summary judgment is to pierce the pleadings and to assess the proof in order to see whether there is a genuine need for trial." *Matsushita Electric Industrial Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 106 S. Ct. 1348 (1986). Under Federal Rule of Civil Procedure 56, summary judgment is appropriate only where there exists "no genuine issue as to any material facts and . . . the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56. In ruling on a motion for summary judgment, the court reviews "the record in the light most favorable to the non-moving party and draw[s] all reasonable inferences in that party's favor." *Zerante v. DeLuca*, 555 F.3d 582, 584 (7th Cir. 2009) (citation omitted). "However, inferences that are supported by only speculation or conjecture will not defeat a summary judgment motion." *Dorsey v. Morgan Stanley*, 507 F.3d 624, 627 (7th Cir. 2007) (citation and quotation marks omitted). Additionally, "[a] party who bears the burden of proof on a particular issue may not rest on its pleadings, but must affirmatively demonstrate, by specific factual allegations, that there is a genuine issue of material fact that requires trial." *Hemsworth v. Quotesmith.com, Inc.*, 476 F.3d 487, 489–90 (7th Cir. 2007) (citation omitted). "The opposing party cannot meet this burden with conclusory statements or speculation but only with appropriate citations to relevant admissible evidence." *Sink v. Knox County Hosp.*, 900 F. Supp. 1065, 1072 (S.D. Ind. 1995) (citations omitted).

### III.     DISCUSSION

CVS moves this Court for summary judgment on three grounds. First, Dr. Mimms failed to offer evidence in his Complaint or summary judgment pleadings regarding any alleged defamatory statement to Winters. Second, CVS asserts the statement, "something about a license issue," does not constitute defamation *per se*. Third, CVS asserts the statement does not constitute defamation *per quod*. The Court will address each contention in turn.

#### A.     Failure to Present Evidence in Complaint and Summary Judgment Pleadings

CVS argues the Court should grant summary judgment because Dr. Mimms failed to set out, in his Complaint and summary judgment briefing, any alleged defamatory statements to Winters. *See Haegert v. McMullan*, 953 N.E.2d 1223, 1230 (Ind. Ct. App. 2011) ("a plaintiff who sues for defamation must set out the alleged defamatory statement in the complaint"); *see also Miller v. Cent. Indiana Cmty. Found., Inc.*, 11 N.E.3d 944, 957 (Ind. Ct. App. 2014) (affirming summary judgment where plaintiff alleged defamatory statements for the first time in his pleading in opposition to defendant's motion for summary judgment). CVS contends Dr. Mimms also failed to provide an explanation to the Court regarding the lack of such evidence in his summary judgment pleadings. *See* Fed. R. Civ. P. 56(d) ("[i]f a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may," among other things, give an opportunity to support or address the fact, grant summary judgment if the motion and supporting materials show that that the movant is entitled to it). CVS asserts, if Dr. Mimms intended to proceed with a defamation claim as to the statement made to Winters, it was incumbent upon him to identify the statement and demonstrate specific facts establishing a genuine issue for trial along with evidence "from which the jury could reasonably find" in Dr.

Mimms' favor. *See Conley v. Vill. of Bedford Park*, 215 F.3d 703, 709 (7th Cir. 2000) (plaintiff must present evidence from "which the jury could reasonably find for him") (citations omitted).

In response, Dr. Mimms argues that he has not waived his right to utilize Winters' statement because, on March 7, 2016, Dr. Mimms disclosed the statement made to Winters in his Amended Rule 26 Disclosures. (Filing No. 76-6 at 4.) Dr. Mimms contends he complied with his requirement to identify "the name and, if known, the address and telephone number of each individual likely to have discoverable information--along with the subjects of that information--that the disclosing party may use to support its claims or defenses…". Fed. R. Civ. P. 26(a)(1)(A)(i). As such, CVS was made aware of Winters' testimony.[1] Dr. Mimms also argues CVS's reliance on *Haegert* and *Miller* is misplaced because Winters identified the alleged defamatory statement and speaker, and Dr. Mimms disclosed the defamatory allegation to CVS prior to summary judgment pleadings. *See Haegert*, 953 N.E.2d at 1230; *Miller*, 11 N.E.3d at 957.

The Court finds, despite Dr. Mimms' contention that he complied with Rule 26, that his failure to address Winters' testimony in his Complaint and summary judgment pleadings is a fatal omission. On June 15, 2016, the dispositive motions deadline in this case, Dr. Mimms sought summary judgment with respect to his defamation claim in its entirety (Filing No. 71) and CVS requested summary judgment regarding each allegation outlined in Dr. Mimms' Complaint (Filing No. 74). The Court ruled on both parties' cross-motions for summary judgment without evidence regarding any statement made to Winters. Accordingly, because Dr. Mimms failed to identify the statement to Winters in his Complaint and summary judgment pleadings, the Court concludes summary judgment is appropriate regarding Winters statement. *See* Fed. R. Civ. P. 56 ("[a] party

---

[1] Dr. Mimms notes that CVS was scheduled to depose Winters during the discovery period, however, Winters initially was unavailable due to illness and hospitalization, thereafter, CVS never inquired about Winters' availability to reschedule.

may move for summary judgment, *identifying each claim or defense*…on which summary judgment is sought") (emphasis added); *see also Haegert*, 953 N.E.2d at 1230 ("a plaintiff who sues for defamation must set out the alleged defamatory statement in the complaint").

**B.     Defamation *Per Se***

Even if the Court were to find that the Rule 26 filing provided sufficient notice, summary judgement would still be appropriate because the statement "something about a license issue," does not support a claim for defamation *per se*. To maintain an action for defamation a plaintiff "must demonstrate (1) a communication with a defamatory imputation; (2) malice; (3) publication; and (4) damages." *Kelly v. Tanoos*, 865 N.E.2d 593, 596-97 (Ind. 2007). "A defamatory communication is one that tend[s] to harm a person's reputation by lowering the person in the community's estimation or deterring third persons from dealing or associating with the person." *Id.* at 596 (citations omitted).

Under Indiana law, defamation *per se* exists when a statement, without reference to extrinsic evidence, imputes: "(1) criminal conduct; (2) a loathsome disease; (3) misconduct in a person's trade, profession, office, or occupation; or (4) sexual misconduct." *Id*. "If words spoken convey such a message, they are deemed obviously and naturally harmful such that separate proof of their injurious character is not needed." *Worldwide Battery Co., LLC v. Johnson Controls, Inc.*, No. 1:06CV00602 DFHTAB, 2006 WL 3201915, at *4 (S.D. Ind. July 7, 2006).

CVS argues persuasively that the statement, "something about a license issue," is not defamatory *per se* because it is "far too vague to conclude that [the alleged defamatory words] were so obviously and naturally harmful that proof of their injurious character can be dispensed with." *Baker v. Tremco Inc.*, 917 N.E.2d 650, 658 (Ind. 2009) (citation omitted); *Moore v. Univ. of Notre Dame*, 968 F. Supp. 1330, 1334 (N.D. Ind. 1997) ("[s]tatements are only defamatory *per*

7

*se* when they constitute a serious charge of incapacity or misconduct in words so obviously and naturally harmful that proof of their injurious character can be dispensed with") (citation omitted). CVS contends the statement, "something about a license issue," could simply be a reference to Dr. Mimms' failure to timely renew one of his licenses, which does not necessarily suggest misconduct.

Dr. Mimms relies on *Moore* for the proposition that the decisive question for the Court, when determining whether the alleged defamatory *per se* communication is vague, is what Winters understood as the meaning intended to be expressed. *See Moore*, 968 F. Supp. at 1334 ("[t]he decisive question is what the person or persons to whom the communication was published understood as the meaning intended to be expressed"). Dr. Mimms argues Winters clearly understood Railsback's statement to mean Dr. Mimms did something to lose his license. Dr. Mimms contends that Winters' understanding is evident because after Railsback's statement, Winters explained "[she] know[s] [Dr. Mimms] is still practicing because [she] just left his office." ([Filing No. 253-1 at 7-8](#).) Dr. Mimms also asserts CVS defamed him by implying his "license issue" was so bad that every CVS store in the state of Indiana refused to fill his prescriptions. As such, the requirements of defamation *per se* are met.

The Court finds, when viewed in context and given its plain and natural meaning, the statement: "something about a license issue" does not amount to a communication with a defamatory imputation. Without looking to any extrinsic evidence, the Court concludes the statement does not impute criminal misconduct or misconduct in Dr. Mimms' trade or profession. Accordingly, because "something about a license issue" is not obviously and naturally harmful, the Court concludes the statement is not defamatory *per se* and **grants** summary judgment on this basis. *See Baker*, 917 N.E.2d at 658 (holding that a statement that plaintiff "engaged in

8

inappropriate sales practices" was "far too vague to conclude that [the alleged defamatory words] were so obviously and naturally harmful that proof of their injurious character can be dispensed with").

C.     **Defamation *Per Quod***

CVS also argues Winters' statement does not support a claim for defamation *per quod* because Dr. Mimms failed to establish that he suffered actual harm as a result of the statement to Winters. "Actions for *per se* and *per quod* defamation are susceptible to different requirements with regard to the showing of damages." *Baker*, 917 N.E.2d at 657 (citations omitted). A plaintiff is "entitled to presumed damages as a natural and probable consequence of [] *per se* defamation." *Id.* In an action for defamation *per quod,* a plaintiff must demonstrate special damages. *Id.* Special damages are essentially pecuniary loss.[2] *N. Indiana Pub. Serv. Co. v. Dabagia*, 721 N.E.2d 294, 306 (Ind. Ct. App. 1999); *Cortez v. Jo-Ann Stores, Inc.*, 827 N.E.2d 1223, 1231 (Ind. Ct. App. 2005) ("[i]f a plaintiff in a defamation *per quod* case cannot demonstrate pecuniary damages, then the plaintiff cannot recover for emotional and physical harm").

CVS argues Dr. Mimms failed to offer evidence that he lost a single patient, and there is no record of any patient terminating their contract or relationship with Dr. Mimms as a result of the statement to Winters. CVS also points to Winters' testimony that Railsback's statement did not cause her to stop visiting Dr. Mimms and, in fact, Winters continues to refer third parties to Dr. Mimms.  (Filing No. 242-1 at 6.)

In response, Dr. Mimms argues, despite Railsback's statement having no effect on Winters' relationship with him, special damages exist because Dr. Mimms is entitled to the costs associated with litigation, including reasonable attorney's fees. The Court disagrees and finds that Dr.

---

[2] Pecuniary loss is defined as "[a] loss of money or of something having monetary value." *Loss*, BLACK'S LAW DICTIONARY (10th ed. 2014).

9

Mimms has presented no evidence that Railsback's statement caused any pecuniary loss. There is no evidence that Dr. Mimms lost any money, patients or business due to the statement made to Winters. Accordingly, summary judgment is **granted** on this issue. *See Carson v. Palombo*, 18 N.E.3d 1036, 1047 (Ind. Ct. App. 2014) (affirming summary judgment on defamation *per quod* claim for lack of special damages and noting "Indiana follows the American Rule regarding attorney fees, meaning that such fees generally are not considered to be damages in the absence of statutory authority, an agreement between the parties…"); *N. Indiana Pub. Serv. Co.*, 721 N.E.2d at 304 (holding "[s]ince the evidence does not show that [an alleged defamatory statement] caused [defendant's] damages, [defendant's] claim of defamation cannot prevail").

## IV.   CONCLUSION

For the reasons stated above, the Court **GRANTS** CVS's Motion for Summary Judgment as to the Statements Alleged by Plaintiff's Witness BW. ([Filing No. 240](#)). Dr. Mimms failure to include evidence as to Winters' testimony in his Complaint and summary judgment pleadings is fatal to this claim. In addition, when viewing the facts in light most favorable to Dr. Mimms, the statement "something about a license issue" does not amount to a communication with a defamatory imputation and Dr. Mimms has not presented sufficient evidence of special damages to establish a defamation *per quod* claim.

**SO ORDERED**.

Date: 3/22/2017

_____
TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

DISTRIBUTION:

Jason D. May
jason.may@jasonmaylaw.com

Jonathan W. Garlough
FOLEY & LARDNER LLP
jgarlough@foley.com

Robert H. Griffith
FOLEY & LARDNER LLP
rgriffith@foley.com

Alice McKenzie Morical
HOOVER HULL TURNER LLP
amorical@hooverhullturner.com

Amanda L.B. Mulroony
HOOVER HULL TURNER LLP
amulroony@hooverhullturner.com

Andrew W. Hull
HOOVER HULL TURNER LLP
awhull@hooverhullturner.com

Amanda Elizabeth Fiorini
INDIANA ATTORNEY GENERAL
Amanda.Fiorini@atg.in.gov

Dennis E. Mullen
INDIANA ATTORNEY GENERAL
dennis.mullen@atg.in.gov

Stephanie Michelle Payne
ORZESKE & BLACKWELL, P.C
spayne@jasonmaylaw.com